## STATE OF MINNESOTA vs. JAMES DOUGHER.

### December 1, 1891.

Bastardy—Release by Mother not a Bar to Proceedings—A voluntary release executed by the mother of a bastard child in favor of the putative father, *held* not an absolute bar to proceedings against him under the statute (Gen. St. 1878, c. 17) for an order of filiation, and to compel him to provide for the maintenance of the child, and to indemnify the county for expenses incurred or to be incurred therefor.

Same—Requisites of Discharge.—The settlement provided for in section 3 is the only one which can be recognized as a full discharge of the defendant in such proceedings.

Appeal by defendant from an order of the district court for Blue Earth county, refusing a new trial after a trial before *Severance*, J., (a jury being waived,) and judgment ordered for the State in a bastardy proceeding instituted on complaint of the mother.

*C. D. O'Brien*, for appellant.

*Byron Hughes* and *Lorin Cray*, for the State.

VANDERBURGH, J. Bastardy proceedings were instituted against the defendant on the complaint of the mother. Upon the trial a jury was waived, and the defendant was found to be the father of the child, and guilty as charged in the complaint. It also appeared, and was so found, that the complainant has no property or means to support the child, save her own manual labor; but that before the birth of the child, and before these proceedings were instituted, the defendant, in consideration of the sum of $100 paid to her, procured a release under seal, executed by her, which purports to release and discharge him from all debts, demands, causes of ac-

tion, and claims whatsoever, by reason of her pregnancy. This release, the court held, was not an absolute bar to these proceedings, and it accordingly ordered that the defendant be adjudged to be the father of the child, and that he be charged with the maintenance thereof in such sum and manner as the court should direct. We see no error in this. The court will ascertain and determine what amount may be necessary for the support of the child, and the measure of the indemnity required to protect the public. Under the statute, the interests of the child and the state are to be considered as well as those of the mother. The purpose of the statute is to protect all these, and, to give effect to that intent, a private settlement with the mother, in satisfaction of her claim for the injury and expenses suffered and incurred by her, cannot be held to be a bar to proceedings instituted in the name of the state under the statute, though the court may give to the payments made by the defendant to her such consideration as they may be entitled to in adjusting the terms of the judgment. The settlement provided for in Gen. St. 1878, c. 17, § 3, is the only one which authorizes the discharge of the defendant. Under that, all interests are provided for and protected.

Order affirmed.