STATE ex rel. HENRY SCHUMACHER v. GEORGE HAUSEWEDELL.[1]

January 27, 1905.

Nos. 14,250—(228).

**Bastardy Proceeding.**

Proceedings under the bastardy act, prosecuted by and on the complaint of the mother, are for her benefit as well as for the protection of the public. The court in such a case may make an allowance for the support of the child and other expenses to be paid to the mother, or for her use. State v. Zeitler, 35 Minn. 238, followed.

**Settlement.**

Section 15 of the act (G. S. 1894, § 2053) does not authorize the county commissioners to settle and release the mother's interest in such a case without her consent.

Appeal by relator from an order of the district court for Wabasha county, Snow, J., discharging a writ of habeas corpus and remanding relator to the custody of defendant as sheriff of that county. Affirmed.

[1] Reported in 102 N. W. 204.

94 M.—12

*Henry W. Morgan,* for appellant.

*George H. Hammond* and *Frank M. Wilson,* for respondent.

START, C. J.

This is an appeal by the relator from an order of the district court of the county of Wabasha refusing to discharge him on habeas corpus from the custody of the defendant, as sheriff.

The short facts are these: The relator was duly charged with the paternity of a bastard child on the complaint of its mother, an unmarried female. Such proceedings were had upon her complaint in the district court of the county of Wabasha that a verdict of guilty was returned into court by the jury on May 23, 1904. Before judgment on the verdict was entered, and on July 11, 1904, the relator deposited with the treasurer of the county of Wabasha the sum of $200 for the use and benefit of the county; and on the same day the county commissioners of the county, purporting to act by virtue of G. S. 1894, § 2053, adopted the following resolution:

> Resolved, that the sum of $200, which is deposited with the county treasurer of this county, the receipt whereof is hereby exhibited to us, is in full settlement of the case of State of Minnesota vs. Henry Schumacher, and that said Henry Schumacher is hereby discharged from the custody of the sheriff of this county, and his bondsmen are hereby discharged and released from their obligations as his bondsmen in said case.

Thereafter, and on August 6, 1904, the district court awarded judgment upon the verdict, whereby it was adjudged that the relator was the father of the child, and that he be charged with the maintenance thereof in the sum of $50 per annum, to be paid in quarterly instalments to the mother of the child, until such child reaches the age of fifteen years, or until otherwise ordered by the court, and, further, that within twenty days he give bond in the sum of $750, conditioned for the performance of the judgment. The relator failed to comply with any part of the judgment, and he was on December 12, 1904, by virtue thereof, committed to the jail of the county of Wabasha, there to remain until he complies with the judgment, or is discharged therefrom as provided by law. Thereupon he sued out a writ of habeas corpus.

It is obvious from the facts stated that the relator is in custody by virtue of a final judgment of the district court; hence the only question that can be here considered is whether the court had jurisdiction to render the judgment. The court certainly had jurisdiction in the proceedings in bastardy, and rightfully exercised it—in any event, until the board of county commissioners passed the resolution here in question. It is, however, the contention of the relator that such action of the board ousted the court of its jurisdiction, and that the judgment thereafter entered upon the verdict is a nullity. We assume, for the purposes of this decision only, that the question of the validity of this judgment may be raised by habeas corpus.

The statute (section 2053) pursuant to which it is claimed that the board acted is in these words:

> The county commissioners before or after judgment in any case under this chapter may make such compromise and arrangement with the putative father of any bastard child in such county, relative to the support of such child as they deem equitable and just and thereupon may discharge such putative father from all liability for the support of such bastard.

This section undoubtedly authorizes the board to settle and compromise with the father as to his liability to the county for the support of the child. But does it authorize the board to settle and release him, without the mother's consent, from liability for the payment of such allowance for the support of the child and other expenses as the court may adjudge to be paid to her? This question is to be answered by reading and construing this section in connection with the other sections of G. S. 1894, c. 17, relating to bastards, of which it is a part. The father of a bastard child is not legally liable for its support, except as provided in this chapter. The mother, however, as an incident to her right to the custody and guardianship of such child, is liable for its support. State v. Nestaval, 72 Minn. 415, 75 N. W. 725. The statute recognizes this inequality, and, as some compensation therefor, provides, in certain cases, for a reasonable allowance for the support of the child, to be paid to the mother by the father. It provides for a settlement and release of the father's liability upon his paying, or securing the payment, to the mother of such sum of money or other property as she may agree to re-

ceive, and the county commissioners approve. If, upon a trial in the district court, the accused is found guilty, the court must adjudge him to be the father of the child, and charge him with the maintenance thereof, in such sum and manner as the court may direct. The court may, and usually does, where the proceedings are instituted upon the complaint of the mother, direct such sum to be paid to her, which she may recover from the father by action, although he may have been discharged from custody upon taking the poor debtor's oath. The county commissioners, when the child is, or is liable to become, a public charge, may prosecute the father, for the protection of their county. G. S. 1894, §§ 2041, 2044, 2049, 2051.

The statutory provisions to which we have referred have been construed by this court, and it is now well settled that bastardy proceedings instituted by the mother, and on her complaint, are intended not merely to indemnify the public against expenses incurred in such cases, but for the protection and benefit of the mother, and the court may make a reasonable allowance for the support of the child, to be paid to the mother, or for her use. State v. Zeitler, 35 Minn. 238, 28 N. W. 501; State v. Dougher, 47 Minn. 436, 50 N. W. 475; State v. Nestaval, supra.

A consideration of the statutory provisions and decisions referred to leads to the conclusion, and we so hold, that the county commissioners may settle and compromise with the father, and discharge him from liability for the support of the child, without her consent, in any case not prosecuted by her, but they cannot, without her consent, make any settlement of her interests and claims in a case prosecuted by her upon her complaint. It is only by so construing section 2053 that effect can be given to the other provisions of the bastardy act. Any other construction would lead to gross injustice, and pernicious interference with the court in the administration of justice.

If the action of the county commissioners in this case had been taken after judgment, then, if the relator's contention be correct, we should have a case where the mother had prosecuted it to a final judgment, awarding her $50 a year for fifteen years, which she might enforce by execution or action, and the commissioners might, by a simple resolution, strike down her vested rights in consideration of $200 deposited with the county treasurer for the benefit of the county. Such would necessarily be the result if the section be construed as authorizing the

settlement and release of the rights of the mother without her consent in a case prosecuted by her, for, whatever the commissioners may do before judgment, they may do after judgment. It is clear that the section in question was never intended to authorize any such arbitrary and unjust action by the commissioners. We therefore hold that the resolution of the commissioners, even if it could be construed as an attempt to release the rights of the mother in the action, did not oust the court of jurisdiction to make a reasonable allowance for the support of the relator's child, to be paid to her, or for her use.

Order affirmed.