[No. 13760.   Department Two.   May 9, 1917.]

*In the Matter of the* Estate of R. Brenchley.

William H. Brenchley *et al., Appellants,* v. Elizabeth Brenchley, *Administratrix, Respondent.*[1]

Descent and Distribution—Joint Property—Rights of Wife— Illegal Marriage. Where a woman entered into a marriage in good faith without knowledge that the marriage was void because the husband had been divorced within less than six months previously, and they lived together in good faith as man and wife and accumulated property by their joint efforts, the probate court has jurisdiction, on the death of the husband, to award one-half of the property to her, as a just and equitable distribution of their joint accumulations.

Appeal from an order of the superior court for Lincoln county, Sessions, J., entered April 11, 1916, denying a petition for the distribution of the property of an estate, after a hearing before the court.   Affirmed.

*W. E. Southard,* for appellants.

*F. K. P. Baske* and *M. E. Jesseph,* for respondent.

Mount, J.—In this action the appellants seek to recover all the property left by their deceased father.  On a trial of the case below, the court awarded one-half of the property to the appellants and one-half to the respondent.  The facts are not in dispute.

On November 16, 1888, Richard Brenchley, now deceased, secured, in this state, a divorce from his then wife.  He had two sons by that marriage.  These two sons are the appellants

[1]Reported in 164 Pac. 913.

in this case. On December 3, 1888, Richard Brenchley was married in regular form to the respondent. At the time of the marriage, respondent knew that Mr. Brenchley was divorced, but she was not informed of the date of the decree, and never knew there was any question of the legality of the marriage until this action was begun. She lived with Mr. Brenchley in Lincoln county, in this state, from the time of the marriage, in 1888, until his death, which occurred in July, 1914. The property in dispute was acquired jointly by respondent and her husband, Richard Brenchley, between the date of the marriage and the date of his death. At the time of his death, the property consisted of real property of the value of $5,500, and personal property of the value of about $900. It all stood in the name of Mr. Brenchley. The appellants contributed in nowise to the acquisition of the property. They did not live with their father, but lived in another state.

Under these facts, the trial court was of the opinion that the property, being acquired by the joint efforts of Mr. and Mrs. Brenchley, even though the marriage was void by reason of the fact that it was contracted within six months after the decree of divorce from Mr. Brenchley's first wife was rendered, still respondent was entitled to one-half of the property so acquired.

It is argued by the appellants, first, that the marriage was void because it was contracted within six months after the decree of divorce between Mr. Brenchley and his first wife. This position may be conceded, and we shall notice it no further.

It is next argued by the appellants that, because the marriage was void, the property acquired by Mr. Brenchley was his separate property, in which Mrs. Brenchley had no interest. This argument is based largely, if not entirely, upon decisions of this and other courts to the effect that, where there is no contract of marriage, or where the contract is a meretricious one, the property acquired during the relation

belongs to the one acquiring it. The facts in this case are conclusive that the contract of marriage was not meretricious, but was entered into, and kept, in good faith by both parties. The evidence conclusively shows that the respondent, when she married Mr. Brenchley, knew that he had been divorced. She did not know the time of his divorce, and she did not know that the laws of this state prohibited marriage within six months after a decree of divorce. She came to this state a few months before the marriage. There is no evidence that Mr. Brenchley actually knew of the statute prohibiting marriage within six months after a decree of divorce. But, even if he knew, or may be presumed to have known, that fact, the result would be the same, for they lived together in the utmost good faith, each contributing to the accumulation of the property now in dispute. The record shows that the respondent kept boarders, kept a lodging house, was a nurse and midwife, and contributed her earnings to the payment of the obligations which purchased the property. Under these facts, it is clear that she is at least entitled to one-half of the property, which the court awarded her, notwithstanding the fact that the marriage was void. In the case of *Buckley v. Buckley*, 50 Wash. 213, 96 Pac. 1079, 126 Am. St. 900, this court said:

"Where a woman in good faith enters into a marriage contract with a man, and they assume and enter into the marriage state pursuant to any ceremony or agreement recognized by the law of the place, which marriage would be legal except for the incompetency of the man, which he conceals from the woman, a status is created which will justify a court in rendering a decree of annulment of the attempted and assumed marriage contract, upon complaint of the innocent party; and where in such a case the facts are as they have been found here, where the woman helped to acquire and very materially to save the property, the court has jurisdiction as between the parties, to dispose of their property as it would do under Bal. Code, § 5723 (P. C. § 4637), in a case of granting a divorce—awarding to the innocent, injured woman such pro-

portion of the property as, under all the circumstances, would be just and equitable."

In that same case, Judge Rudkin concurred in the result, but did not agree to the ground upon which the decision was placed. He said, at page 224:

"I approve the rule announced in the authorities cited in the majority opinion; viz., that the court may restore to the woman any property the man may have acquired by or through her, may compensate the woman for any pecuniary benefits derived by the man during the existence of such relation, or may make a just and equitable distribution of their joint accumulations."

So, whether the respondent and Mr. Brenchley were legally married or not, they themselves supposed they were legally married. They lived together as man and wife for a period of twenty-six years. During that time, each laboring to a common interest, they acquired the property in dispute. If Mr. Brenchley were now alive, and were seeking to avoid the marriage because it was illegal at the time it was entered into, no court would say that he might take advantage of his own wrong and have a decree dissolving the marriage because it was illegal, and, at the same time, take all the property accumulated by the joint efforts of the two. An equitable division, at least, would be made, and respondent would be given one-half the property, which is all the court in this instance awarded to her. The appellants have no better rights than their father would have were he now alive and seeking the same remedy. See: *Coats v. Coats*, 160 Cal. 671, 118 Pac. 441, 36 L. R. A. (N. S.) 844, and cases there cited; also *Lawson v. Lawson*, 30 Tex. Civ. App. 43, 69 S. W. 246.

In the case last cited, the plaintiff had lived with her husband in good faith, believing that there was a legal marriage. The property accumulated during that time was treated as partnership property, and was divided as such. In that case, it was said:

"In *Morgan v. Morgan*, 1 Texas Civil Appeals, 315, Justice Head, in his discussion of the principles under which the

putative wife acting in good faith might have her just rights secured to her, entered into a thorough review of the authorities and held that the tendency of our courts, as evidenced by the decisions involving kindred questions, justified the conclusion that she should be treated as a partner as to all property shown to have been acquired by their joint efforts."

That is the just rule, and is the one applied by the lower court.

The judgment appealed from is, therefore, affirmed.

ELLIS, C. J., PARKER, FULLERTON, and HOLCOMB, JJ., concur.