STATE OF MAINE, (By Complaint), *vs.* DAVID McCURDY, Appellant.

Kennebec.    Opinion October 23, 1917.

*General scope and purpose of complaint in bastardy proceedings.    Meaning of word*
*"child" where respondent is charged in a complaint for desertion.*

This is a prosecution, on complaint and warrant, brought under the provisions of
Chap. 42, Public Laws, 1907, and the amendments thereto, Chaps. 54 and 178,
Public Laws, 1909, and Chap. 144, Public Laws, 1911, and comes before the
court upon an agreed statement of facts.

*Held:*

1.  The respondent's liability arises under the provisions of Chap. 99, R. S., 1903,
under which he was tried, convicted and imprisoned.  He was released from
imprisonment by taking the poor debtor's oath as provided by statute, and
he is exempt from further prosecution or arrest, except upon an execution
procured in the same suit for non-compliance with the order of court therein.

2.  He is under no other act liable to prosecution or arrest for or on account of the
non-support of the illegitimate child in question.  The duty to support such
child is imposed by statute, and the same act provides for its enforcement.

3.  The child in question is not respondent's minor child within the meaning of
Public Laws of 1907, Chap. 42.  The "child or children" contemplated by the
provisions of Chap. 42, Public Laws, 1907, and amendments thereto, mean
legitimate children, and do not include illegitimate children.

4.  The support of illegitimate children is provided for under the bastardy act
which makes adequate and exclusive provision for the enforcement of that duty.

Complaint and warrant under provision of Chap. 42, Public Laws of
1907 and amendments thereto.  Respondent was adjudged guilty by
the Judge of the Municipal Court and an appeal was taken to the
Superior Court, Kennebec County, from which court the case was
reported to Law Court upon an agreed statement of facts, the Law
Court to determine the legal rights of the parties and to render
judgment.  Complaint dismissed.

The case is stated in the opinion.

*William H. Fisher,* County Attorney, for the State.

*Maxcy & Goodspeed, and B. F. Maher,* for respondent.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

HANSON, J. This is a prosecution, on complaint and warrant, brought under the provisions of Chap. 42, Public Laws, 1907, and the amendments thereto, Chaps. 54 and 178, Public Laws, 1909, and Chap. 144, Public Laws, 1911, and comes before the court upon the following agreed statement of facts:

"On December 8, 1915, Marion Blondette of Augusta, Maine, complained upon oath before the Judge of the Municipal Court of said Augusta, that she was about to become the mother of a child, which if born alive would be a bastard, and accused David McCurdy of Gardiner, Maine, of being the father thereof. The Judge thereupon issued a warrant for the arrest of said McCurdy. On the 9th of December, 1915, the defendant was brought before said Judge and after a hearing was ordered to give bonds conditioned for his appearance at the January term of the Superior Court of the County of Kennebec next following. No hearing was held at the said January term, because the child had not been born at that time. The case came on to be tried at the April term of said court next following, and the jury returned a verdict of guilty, thereupon the defendant was adjudged the father of the said child, and was ordered by the court to pay the costs, to pay the expenses incurred through medical attendance and nursing, and to pay the sum of $12.00 each and every month for the support of said child until further order of the court; and was further ordered to furnish bonds to the complainant and to the City of Augusta conditioned upon the payments of the amounts as stated in the decree. McCurdy was unable to furnish bonds as was ordered and in accordance with the provision of R. S., Chap. 99, was committed to jail where he remained for 90 days. On July 5, 1916, after proper notice and hearing as provided by the statute he made a full disclosure of all his property. Thereupon the poor debtor's oath was administered, and the defendant was released from jail. He was at once arrested under the provisions of Chap. 42 of the Public Laws of 1907, and the amendments thereto, Chap. 178 of the Public Laws of 1909, and was charged with desertion of a child under the age of sixteen years, of the age of four months. A hearing was held that day in the Augusta Municipal Court and the defendant was found guilty and was sentenced to pay a fine of $150.00 and costs, or in

default of payment to serve six months in jail. The defendant appealed and was ordered to furnish bonds in the sum of $1,000.00 conditioned upon his appearance at the September term of the Superior Court of the County of Kennebec. At said term the said case was continued until the January term, 1917, and the defendant was permitted to give a personal recognizance in the sum of $200.00 for his appearance at that term. At the January term, 1917, by agreement of counsel for the defendant and the County Attorney, the case was to be submitted to the Law Court upon an agreed statement of facts. The child referred to in the criminal case is the same illegitimate child referred to in the bastardy proceedings, and the question is, whether the action in the criminal case may be maintained. If the action may be maintained, then the defendant is to appear before the Superior Court for sentence; if not, then the case is to be dismissed."

The respondent's liability arises under the provisions of Chap. 99, R. S., 1903, under which he was tried, convicted and imprisoned. He was released from imprisonment by taking the poor debtor's oath as provided by statute, and he is exempt from further prosecution or arrest, except upon an execution procured in the same suit for non-compliance with the order of court therein. *McLaughlin* v. *Whitten,* 32 Maine, 31. He is under no other act liable to prosecution or arrest for or on account of the non-support of the illegitimate child in question. The duty to support such child is imposed by statute, and the same act provides for its enforcement. Liability follows the breach of a duty. The duty in this case was imposed by Chap. 99, R. S., 1903, supra, and became a fixed liability only after full compliance with the requirements of that chapter. The former action, though criminal in form, was a civil action. *Smith* v. *Lint,* 37 Maine, 546.

The respondent is now charged in a criminal complaint with desertion of his minor child under the age of sixteen years. We think the action may not be maintained. The child in question is not respondent's minor child within the meaning of Public Laws of 1907, Chap. 42. The "child or children" contemplated by the provisions of Chap. 42, supra, mean legitimate children, and do not include illegitimate children. *Hall* v. *Cressey,* 92 Maine, 514, 7 C. J., 957, Sec. 38; *Hiram* v. *Pierce,* 45 Maine, 367, citing *Curtis* v. *Heronis,* 11 Met., 294.

The support of illegitimate children is provided for under the bastardy act which makes adequate and exclusive provision for the enforcement of that duty. Chap. 99, R. S., 1903; *McKenzie* v. *Lombard,* 85 Maine, 224; *Hammond* v. *L. A. & W. St. Railway,* 106 Maine, 213.

In accordance with the stipulation the entry must be,

*Complaint dismissed.*