[No. 14395. Department Two.   October 30, 1918.]

## FRANCES KNOLL, *Appellant*, v. JOSEPH KNOLL, *Respondent*.[1]

MARRIAGE (5)—PERSONS WHO MAY MARRY—DIVORCED PERSON. A marriage within the six months prohibited by the divorce, outside of the jurisdiction where the parties went for that purpose and immediately returning without intent to change their domicile, is void.

SAME (17)—ANNULMENT—GROUNDS—MISTAKE OF LAW AND FACT. Where plaintiff in a divorce case, after trial believed in good faith that a decree of divorce was entered, and within six months married in a foreign jurisdiction honestly believing that such marriage would be valid, her mistake of fact and law was in no sense meretricious, and authorizes the court to annul the marriage at her suit.

SAME (21)—ANNULMENT—PROPERTY RIGHTS. Upon the annulment of a void marriage, in no sense meretricious but entered into in good faith, the courts will treat the relation as a partnership as to all property acquired by the joint efforts of the parties while living together as husband and wife, the wife having assisted in the business, earned part of her personal expenses, and faithfully performed the duties of a housewife.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered June 16, 1917,

[1]Reported in 176 Pac. 22.

upon findings favorable to the defendant, in an action for divorce, tried to the court. Reversed.

*Noah Shakespeare* and *Louis A. Merrick,* for appellant.

*Coleman & Fogarty* and *Q. A. Kaune,* for respondent.

MAIN, C. J.—The purpose of this action, as originally brought, was to secure a divorce. An amended complaint was filed in which it was alleged that the marriage contract between the parties was void, but entered into in good faith. The defendant answered and, among other things, alleged affirmatively that the plaintiff, at the time the marriage ceremony here sought to be annulled was performed, had not been legally divorced from a former husband. The affirmative defense was denied by a reply. The cause in due time came on for trial before the court, and at the conclusion of the plaintiff's evidence, the defendant moved that the action be dismissed. The court declined to dismiss the action, but indicated that a judgment would be entered annulling the marriage, which judgment the defendant did not resist. The plaintiff, in her amended complaint, had not only asked for an annullment of the marriage, but the custody of two minor children—one a natural child, born as a result of the marriage, and the other an adopted child—and also for a division of the property which had been acquired subsequent to the marriage. The decree annuls the marriage, but makes no adjudication as to the property rights or the custody of the children. The failure to mention the children in the decree was doubtless due to an oversight, because the defendant conceded the right of the plaintiff to the custody of them, and in one of the conclusions of law which follow the findings, it is recited that the plaintiff is en-

titled to the care and control of the children. From the decree entered, the plaintiff appeals.

The controlling facts may be stated as follows: On the 20th day of March, 1899, the appellant, being then the wife of one Henry V. Coles, instituted an action in the superior court of King county, Washington, for a divorce. The defendant in that action, though personally served, defaulted. The cause was tried on the 17th day of April, 1899, the prosecuting attorney appearing in the action. At the conclusion of the evidence, the court orally announced that a decree for the plaintiff would be granted. No decree was in fact entered until the 8th day of October, 1906. The trial judge before whom the cause was tried had long prior to this time retired from the bench, and the judge who signed the decree had no knowledge of the cause except that disclosed by the record.

On June 14, 1899, the parties to the present action were married in Vancouver, British Columbia, and immediately thereafter returned to the state of Washington. They went to Vancouver solely for the purpose of having the marriage ceremony performed and with the intention of immediately returning to the state of their domicile. They had no thought of changing their domicile to the jurisdiction where the marriage ceremony was performed. Soon after returning from Vancouver, they took up their residence in Everett, where they resided together until a short time before the present action was begun, sometime during the early part of the year 1917.

The plaintiff in this action did not know that no formal decree had been entered in the former divorce action prior to the time that the parties to this action entered into the contract of marriage, and in fact did not know that there was any question about the validity of the decree in the prior action until after the present

action was instituted. The fault, apparently, was due to the failure of her attorney in that action to prepare findings, conclusions and a decree and have them signed and entered.

The parties to this action, as above stated, shortly after the marriage ceremony was performed in Vancouver, went to Everett, where the respondent engaged in the saloon business. During a portion of the time he was so engaged, the appellant helped prepare the free lunches that were served in the saloon. During a large portion of the time they lived together, the appellant worked as a seamstress. The property acquired during the time the parties lived together is in the name of the respondent. The evidence shows that, while the parties went to Vancouver to have the marriage ceremony performed and knew that they had no right to be married at the time in the state of Washington, they believed that the marriage performed in Vancouver, being legal there, would also be valid in the state of Washington.

Much argument appears in appellant's brief in an endeavor to establish the validity of the decree entered in the former action, but we shall not review this argument nor the authorities cited. Even though a valid decree had been entered on the 17th day of April, 1899, the marriage ceremony in Vancouver, having been performed within six months from that date, would be void in this jurisdiction, the parties having gone there solely for the purpose of being married and with the intention of immediately returning to the state of Washington, and having had no intention of changing their domicile. *Pierce v. Pierce,* 58 Wash. 622, 109 Pac. 45; *Peerless Pacific Co. v. Burckhard,* 90 Wash. 221, 155 Pac. 1037, Ann. Cas. 1918B 247, L. R. A. 1917C 353. The fact that the marriage ceremony per-

formed in Vancouver may also be void for another reason would not affect the situation here.

The controlling question upon this appeal, as it seems to us, is whether the marriage here sought to be annulled was entered into and kept in good faith by the appellant and was in no sense meretricious. The record shows that the appellant believed she had been legally divorced from her former husband, and the fault in failing to have the decree rendered was not hers, but that of her attorney in that action. As to the effect of that proceeding, the appellant, at the time she entered into the marriage contract with the respondent, was in good faith acting under a mistake of fact. In going to Vancouver to be married for the purpose of circumventing the laws of this state, the appellant, in good faith, believed that such marriage there performed would constitute the parties thereto legally husband and wife in the state of Washington, notwithstanding the fact that the marriage ceremony could not be performed here until six months after former divorce. It thus appears that the appellant's good faith rested both in mistake of fact and mistake of law. The fact that the appellant knew that she had no right to be married in the state of Washington, but believed that she had a right to be married in a foreign jurisdiction and that such marriage would be valid here, does not make the contract of marriage meretricious nor taint her relation with the respondent with conscious guilt. Such good faith, whether resting in mistake of fact or mistake of law, is enough to authorize the courts, in an action brought for the annullment of the marriage, to treat the relation as a partnership as to all property acquired by the joint efforts of the parties. *Buckley v. Buckley,* 50 Wash. 213, 96 Pac. 1079, 126 Am. St. 900; *Lawson v. Lawson,* 30 Tex. Civ. App. 43, 69 S. W. 246; *In re Brenchley's*

*Estate,* 96 Wash. 223, 164 Pac. 913, L. R. A. 1917E 968. In the case last cited, this court quoted approvingly from the *Lawson* case as follows:

"In *Morgan v. Morgan,* 1 Texas Civil Appeals, 315, Justice Head, in his discussion of the principles under which the putative wife acting in good faith might have her just rights secured to her, entered into a thorough review of the authorities and held that the tendency of our courts, as evidenced by the decisions involving kindred questions, justified the conclusion that she should be treated as a partner as to all property shown to have been acquired by their joint efforts."

The record now before us shows that, during the time the parties lived together, property was acquired by their joint efforts. For a time the appellant assisted in preparing the lunches which were served in the saloon, of which the respondent was a part owner, and during much of the time that they lived together she worked as a seamstress. It is said, however, in the respondent's brief, that the money earned as a seamstress was spent by the appellant for her personal expenses. But, if the appellant had not provided for her personal expenses, the respondent would have been under the necessity of providing therefor, and his savings would have been depleted to that extent. In addition to this, the appellant performed all the duties of a housewife faithfully. So long as the parties lived together as husband and wife, both labored in their respective fields, and the property acquired during this time was the result of their joint efforts.

This requires a reversal of the judgment upon the question of the acquisition and the proper disposition to be made of the property. The respondent has had no opportunity to be heard upon this question. At the conclusion of the appellant's evidence, the court announced that the marriage would be annulled, but that

no judgment would be rendered upon the property rights. This judgment was acquiesced in by the respondent, and consequently there was no occasion or opportunity for him to offer testimony on the question.

The judgment will be reversed, and the cause remanded with directions to the superior court to proceed as herein indicated.

HOLCOMB, MOUNT, and CHADWICK, JJ., concur.