[No. 16425.     Department Two.     September 30, 1921.]

MARIA E. POWERS, *Respondent*, v. WINFIELD S. POWERS *et al., Appellants.*[1]

MARRIAGE (20, 21)—ANNULMENT—SCOPE OF RELIEF—PROPERTY RIGHTS. On annulment of a void marriage the court has power to award the wife real property standing in the name of the husband which had been acquired by their joint efforts while living together as husband and wife.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered December 28, 1920, upon findings in favor of the plaintiff, in an action to annul a marriage and for a division of property, tried to the court. Affirmed.

*C. H. Baldwin* and *S. O. Tannahill,* for appellants.

*Homer L. Post,* for respondent.

MAIN, J.—The purpose of this action was to annul a void marriage and have a portion of the property which the parties had acquired during the time that they were living together as husband and wife decreed to the plaintiff. The trial resulted in findings of fact,

[1]Reported in 200 Pac. 1080.

conclusions of law and a judgment annulling the marriage and decreeing certain property to the plaintiff. From this judgment, the defendant appeals.

The controversy here is over the property. There is no controversy, or at least there is no room for controversy, over the annulment of the void marriage. The facts as found by the trial court and which the evidence sustains may be summarized as follows: In the spring of 1900, in the state of Minnesota, the respondent and appellant entered into an agreement to live together as husband and wife, which would constitute a lawful marriage under the laws of that state if both parties were competent to marry, and continued to live together as husband and wife until the month of March, 1919. During all this time the appellant held the respondent out as his wife, introduced her as such, and the respondent believed herself to be his wife. The appellant had a wife living from whom he had not been divorced, but informed the respondent that a divorce had been had. At the time of the attempted marriage, the respondent believed that the appellant was competent to enter into that relation. The parties lived together as husband and wife for a few months in the state of Minnesota, then moved to the state of Montana, where they resided until the year 1901, when they moved to the state of Idaho, where they continued to reside until they removed to Asotin county, this state, in the month of July, 1917. During the time they were residing in the state of Idaho, the appellant filed upon a homestead of one hundred and sixty acres, made final proof thereon and received a patent therefor. The respondent filed a timber and stone claim upon approximately one hundred and forty acres of government land, made final proof thereon and received a patent therefor in her

own name. In the year 1917, both the homestead and the timber claim were sold and there was received therefor the sum of $4,800. Personal property to the amount of $1,500 was also sold. As a part consideration for the Idaho land, real estate in Asotin county which is now in controversy was taken.

In March, 1919, the appellant left the home in Asotin county to go to Rochester, Minnesota, for an operation, and while on this trip met the wife to whom he had been married prior to the time he assumed relations with the respondent, and resumed marital relations with her. In September, 1919, the appellant returned to Asotin county, informed the respondent that he had met his legal wife, that she had never been divorced from him, and that the respondent was not his wife. He also informed the respondent that the deed to the Asotin property was in his name and that she had no interest therein. At this time he made a lease of the Asotin property to the respondent which she accepted without knowledge of her rights. After this the appellant took all the money remaining from the sale of their properties and returned to live with the wife to whom he had been legally married.

There are a number of questions argued in the briefs, but it seems to us the decision of one of them is determinative of the action. The parties lived together as husband and wife, the respondent believing, in good faith, that they were such, and during this time the Idaho property was acquired. The timber claim belonged to the respondent and the homestead to the appellant. Both the real and personal property which the parties disposed of at the time they came to this state had been acquired by their joint efforts while they were living together as husband and wife though not legally married. Under the facts, the court had

the power in the action to annul the void marriage and to award to the respondent such portion of the property as she was equitably and justly entitled to. *Buckley v. Buckley*, 50 Wash. 213, 96 Pac. 1079, 126 Am. St. 900; *In re Brenchley's Estate*, 96 Wash. 223, 164 Pac. 913, L. R. A. 1917E 968; *Knoll v. Knoll*, 104 Wash. 110, 176 Pac. 22. The court did not err in awarding to the respondent the Asotin property.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, MACKINTOSH, and TOLMAN, JJ., concur.