## STATE v. ARVID LINDSKOG.[1]

### No. 26,882.

### November 23, 1928.

**Support of illegitimate child at common law.**
1. At common law the father was not charged with the support of his illegitimate child.

**Support of illegitimate child required under bastardy statute.**
2. The bastardy statute charges the father with the support of such child and furnishes the remedy.

**Support of legitimate children unable to support themselves.**
3. G. S. 1923, § 10136, makes it an offense. for one wrongfully to omit to furnish proper food, clothing, and shelter to his children who are unable to support themselves by lawful employment: This refers to legitimate children.

**No common law marriage proved.**
4. The evidence does not show a common law marriage.

Bastards, 7 C. J. § 31 p. 955 n. 95, 98; § 38 p. 957 n. 41.
Marriage, 38 C. J. § 105 p. 1331 n. 97.

---

See note in 30 A. L. R. 1069, 1079; 3 R. C. L. 748; 5 R. C. L. Supp. 199; 6 R. C. L. Supp. 195.

[1]Reported in 221 N. W. 911, 912.

Defendant appealed from an order of the municipal court of Minneapolis, Fosseen, J. denying his motion for a new trial. Reversed.

*Bauers, Carlson & Beveridge* and *Russell Smith,* for appellant.

*G. A. Youngquist,* Attorney General, *Neil M. Cronin,* City Attorney, and *Palmer B. Rasmusson,* Assistant City Attorney, for the state.

DIBELL, J.

This is a prosecution instituted in the municipal court of Minneapolis on the complaint of Monica Lindskog charging that on January 30, 1928, the defendant wrongfully omitted "to perform a duty by law imposed upon him, to-wit: to furnish proper food, clothing and shelter and suitable care in case of sickness to Howard Lindskog and Earl Lindskog, who were then and there his lawful children, ages six and five years, respectively, and unable to support themselves by lawful employment." The defendant was found guilty and appeals from the order denying his motion for a new trial.

1. The prosecution is under G. S. 1923, § 10136, et seq. The essence of the offense is the failure to provide for those the duty of providing for whom is imposed by law, in this case the lawful children of the defendant.

At common law the father was not charged with the support of his illegitimate child. State v. Nestaval, 72 Minn. 415, 75 N. W. 725; State ex rel. Schumacher v. Hausewedell, 94 Minn. 177, 102 N. W. 204; 1 Dunnell, Minn. Dig. (2 ed.) §§ 825, 827; 30 A. L. R. 1069; Thayer v. Thayer, 189 N. C. 502, 127 S. E. 553, 39 A. L. R. 434; 7 C. J. 955; 3 R. C. L. p. 748, § 27. A case holding that the common law rule should not be followed is Doughty v. Engler, 112 Kan. 583, 211 P. 619, 30 A. L. R. 1065.

2. The bastardy statute charges the father with the support of his illegitimate child. State ex rel. Schumacher v. Hausewedell, 94 Minn. 177, 102 N. W. 204; 7 C. J. 955; 3 R. C. L. 750, § 29, et seq; G. S. 1923, § 3261, et seq. It imposes the liability and provides the remedy.

3. Aside from the bastardy statute, there is no liability and no remedy. Section 10136 does not have reference to illegitimate children. It is so held directly, under a similar statute, in State v. McCurdy, 116 Me. 359, 102 A. 72. The legislature has not chosen to depart from the common law rule of nonliability of the father except as the bastardy statute imposes liability.

4. The state claims that there was a common law marriage between the prosecutrix and the defendant. The prosecutrix was married to one Warner, who abandoned her six or eight years before the trial. The prosecutrix says that he forged a check and left the country and was not heard of afterwards. The evidence is not quite definite, but soon afterwards—it does not appear how long but very shortly—she commenced cohabiting with the defendant. The cohabitation continued until about two years before this proceeding was instituted. Two children were born to them during their cohabitation, and the defendant is charged with a failure to support them.

When the complainant and the defendant commenced their cohabitation there was no agreement in the present for marriage nor thought of a present marriage. Each realized that there was a legal obstacle. No marriage can be contracted when either of the parties has a husband or wife living. G. S. 1923, § 8564. Such marriages are "absolutely void, without any decree of divorce or other legal proceedings," G. S. 1923, § 8580. There was some talk that the defendant promised that after the prosecutrix obtained a divorce from Warner, for which the defendant agreed to pay, he would take her to some other state and they would be married. A divorce action was commenced. Nothing came of it. The parties cohabited, holding themselves out as husband and wife, until something like two years before the trial, when the defendant abandoned the prosecutrix and neglected to support his children. The state is not helped by G. S. 1923, § 8579, providing that the issue of marriages declared null and void shall nevertheless be legitimate. The statute does not refer to such a case as this. There was no ceremonial marriage. Viewing the facts favorably to the state, there

was no common law marriage.   Therefore no crime under G. S. 1923, § 10136, was proved.

Order reversed.

## UPON PETITION FOR REARGUMENT.

On December 21, 1928, the court filed the following memorandum:

PER CURIAM.

The attorney general suggests a reargument.   His claim is that after an adjudication of paternity under the bastardy statute, G. S. 1923, § 3265, the father becomes subject to the provisions of G. S. 1923, § 10136.   Such a situation is not presented by the record. There has been no adjudication in a bastardy proceeding.   The contention of the state was not open for argument and it was not argued.   Nothing said in the decision should be taken as indicative of a holding that after an adjudication in bastardy there may or may not be a proceeding under § 10136; nor is anything we now say indicative of a holding either way.

Reargument denied.