## STATE v. M. A. FLORES.[1]

June 26, 1936.

No. 30,801.

*W. J. Giberson,* for appellant.

*H. E. Stassen,* County Attorney, for the State.

STONE, JUSTICE.

In this filiation proceeding there was a verdict establishing defendant's paternity of an illegitimate child. He appeals from the order denying his motion for a new trial.

We are not justified in giving the facts any more airing. We have considered the whole record and the arguments based thereon and are unable to say that the verdict is without adequate support in the evidence.

Defendant is the consul for Minnesota of the Republic of Costa Rica and resides at Rosemount in Dakota county. Whether he is a citizen of this state and the United States does not appear from the record. At the trial he denied (and repeats the denial here) the jurisdiction of the state courts in this proceeding. His position is based upon the following provisions of the constitution of the United States and of the acts of congress passed in execution thereof. Art. III, § 2, of the federal constitution provides:

"The judicial power shall extend * * * to all cases affecting ambassadors, other public ministers and consuls. * * *

[1]Reported in 268 N. W. 194.

"In all cases affecting ambassadors, other public ministers and consuls * * * the supreme court shall have original jurisdiction."

28 USCA, § 371, as far as applicable, reads thus:

"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several states. * * *

"Of all suits and proceedings against ambassadors, or other public ministers, or their domestics, or domestic servants, or against consuls or vice consuls."

Both constitutional and statutory declarations are "to be interpreted in the light of the tacit assumptions upon which it is reasonable to suppose that the language was used." Ohio ex rel. Popovici v. Agler, 280 U. S. 379, 383, 50 S. Ct. 154, 155, 74 L. ed. 489, 497. It was held in that case that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." In consequence, the jurisdiction of the federal courts over that subject was denied, following In re Burrus, 136 U. S. 586, 10 S. Ct. 850, 34 L. ed. 500.

In the Popovici case, involving a suit for divorce and alimony against a vice consul of a foreign country, the decision, affirming the jurisdiction of the state court, was put upon the proposition that [280 U. S. 383]: "When the constitution was adopted the common understanding was that the domestic relations of husband and wife and parent and child were matters reserved to the states." Hence it was concluded that the language of both the constitution and congress, referring to "all cases" and "all suits and proceedings" against "consuls or vice consuls," "must be taken to refer to ordinary civil proceedings and not to include what formerly would have belonged to the ecclesiastical courts." The law being so, the present case by its very nature is excluded from federal jurisdiction. Being one involving only the question of paternity, it is in the field of domestic relations, and the issues are for solution by the state courts.

It does not help defendant that. this proceeding is statutory and that at common law there was no liability upon the father for the support of his illegitimate child. See State v. Lindskog, 175 Minn. 533, 221 N. W. 911, 912. In that respect, the common law has been changed, but the proceeding is not thereby removed from the legal category of domestic relations wherein state courts have jurisdiction. In consequence, the order under review must be and is affirmed.