DOLORES URBANOWITZ, p. p. a.
*vs.*
ARTHUR W. MIELKE

Superior Court      New Haven County      File No. 57900

MEMORANDUM FILED FEBRUARY 29, 1940.

*David H. Jacobs,* of Meriden, for the Plaintiff.

*John Henry Sheehan,* of New Haven, for the Defendant.

SIMPSON, J.  This is an action brought by the plaintiff, a minor, by the mother and next friend, to recover upon a contract alleged to have been made October 5, 1928, between the plaintiff's mother and the defendant (who it is said to have acknowledged that he was the father of the plaintiff) wherein and whereby the defendant agreed that the expense of supporting the plaintiff should be equally borne by the parties to the agreement.

The defendant demurs to the complaint upon four grounds. Grounds A and B are purely general and call for no consideration by the court.  Grounds C and D are to the effect the agreement was an attempt to supersede the bastardy statute and hence void as against public policy, and that it is also void because it is without the consent of the first selectman of the Town of Meriden.

Under our statute with reference to bastardy proceedings, the mother of a child has a valid and lawful cause of action against the child's father to compel him to assist her in the maintenance of their child.  *Van Epps vs. Redfield,* 68 Conn. 39, 47.  Assuming there was a valid consideration for the

agreement, such undertaking to perform his statutory duty is enforceable, and is not void.

The defendant further claims that the agreement sued upon is void because it is without the consent of the first selectman of the Town of Meriden. Assuming the first selectman had power under the statute to alone consent, the lack of his consent does not render the agreement void. The statute merely provides that no settlement made by the mother and father without the approval of the selectman of the town chargeable with the support of such child "shall relieve the father from liability to such town for such child's support." The agreement sued upon does not attempt to relieve the father from his liability to the town, and it cannot be held void for that reason. Such an agreement would not be a bar to any proceedings by the selectmen. *State vs. Dougher,* 47 Minn. 436, 50 N.W. 475.

The question whether or not there is a consideration for the agreement sued upon, and whether the right party is the plaintiff, are not raised by the demurrer and are not before the court for decision. It may be said, however, that it is a serious question whether the child can sue upon the contract alleged. The case of *Rosseau vs. Rouss,* 180 N.Y. 116, does not appear to be in point. In that case it was alleged that the defendant promised to establish a trust fund for the child when he became ten years of age. As a third party beneficiary he therefore had a cause of action. In this case the alleged agreement is that the expense in supporting plaintiff shall be borne equally by the mother and father (defendant). Presumably the mother has supported the child until the bringing of this action. The mother might therefore have a right of action to recover by way of reimbursement for half of the expenses but it is difficult to see upon what theory the child can recover for past support which the mother has furnished. That question, however, is left undecided.

The demurrer is overruled.