LILYAN BLOCKER BAKER v. FRED EARL BAKER.[1]

June 21, 1946.

No. 34,132.

[1]Reported in 23 N. W. (2d) 582.

*Worth K. Rice,* for appellant.

*Guy W. Kimball, Stacker & Stacker,* and *George G. Chapin,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from an order denying a motion for a new trial in an action sounding on its face in divorce. Plaintiff brought action claiming to be the wife of defendant by virtue of a common-law marriage entered into on or about July 23, 1933. She asked for an absolute divorce and for a division of accumulated property, real and personal.

Defendant answered, admitting the accumulation of certain property but otherwise making a general denial. At the trial in 1945, he made a motion to amend the answer and set up a defense that he had been previously married in 1922 and that the previous marriage had not been dissolved until January 21, 1942. In reply, plaintiff asked the court, if this were true, to grant an annulment of the alleged common-law marriage and make a determination of the property rights of the parties. Defendant's motion to amend his answer was held in abeyance, and testimony was taken regarding the relations between the parties and the accumulation of property. At the end of plaintiff's case defendant's motion was granted. The lower court found that defendant had been married long prior to 1933 and that both parties hereto knew that he was still married in 1933 and until he was divorced in 1942. The court further found that "plaintiff and defendant are not now and never were husband and wife." Further, it found that there was a subsequently commenced action pending to determine the property rights of the parties, and it denied all relief.

Defendant admits that he was married before 1933 and he has used an assumed name since abandoning his wife and children in 1929. For the abandonment, he was apprehended by the sheriff at the trial of this suit.

The issue here is whether the parties were married at common law and, if not, whether the request by plaintiff for a division of the property was properly denied.

■ The lower court found, and it is sustained by the evidence, that defendant was married prior to 1933 and not divorced until 1942. A common-law marriage with him during this time was not possible. "No marriage shall be contracted while either of the parties has a husband or wife living; * * *." L. 1911, c. 222, G. S. 1923, § 8564, Minn. St. 1941, § 517.03 (Mason St. 1927, § 8564); Campbell v. Nelson, 175 Minn. 51, 220 N. W. 401. "All marriages which are prohibited by law on account of * * * either party having a former husband or wife then living * * * shall be absolutely void, without any decree of divorce or other legal proceedings: * * *." G. S. 1923, § 8580 (Minn. St. 1941, § 518.01 [Mason St. 1927, § 8580]); State v. Lindskog, 175 Minn. 533, 221 N. W. 911, 912.

Minn. St. 1941, § 517.01 (Mason St. 1941 Supp. § 8562), outlaws common-law marriages in Minnesota. After providing for ceremonial marriages duly licensed, that statute says: "Marriages subsequent to the passage of this section not so contracted shall be null and void."

Because no marriage between these parties was possible prior to defendant's divorce and because common-law marriages were outlawed in 1941, the parties never effected a marriage.

■ The lower court found that plaintiff knew of defendant's prior marriage at the time the alleged common-law marriage commenced, and an examination of the record discloses ample evidence to support this conclusion. Where the arrangement under which the parties lived together was a meretricious one, the court will grant no relief. In re Brenchley's Estate, 96 Wash. 223, 164 P. 913, L. R. A. 1917E, 968; In re Sloan's Estate, 50 Wash. 86, 96 P. 684,

172

17 L.R.A.(N.S.) 960. The element of good faith is controlling. Figoni v. Figoni, 211 Cal. 354, 295 P. 339; Schneider v. Schneider, 183 Cal. 335, 191 P. 533, 11 A. L. R. 1386. Further, in such a situation, there is no implied obligation on the part of the man to compensate the woman for household services rendered by her. Estate of Fox, 178 Wis. 369, 190 N. W. 90, 31 A. L. R. 420. The parties are left to resort to such action in regard to their property rights as they may be advised.

Order affirmed.

[1]Reported in 23 N. W. (2d) 541.