State of Missouri to the use of Mitchell vs. Kirby.

---

## STATE OF MISSOURI TO THE USE OF MITCHELL, vs. KIRBY.

It is not necessary that a constable's bond should specify the township for which he was elected. A bond in which the name of the township is left blank, is valid.

## ERROR to Jackson.

STRINGFELLOW, for Plaintiff in error.

### POINTS AND AUTHORITIES.

1. That it is not necessary that a constable's bond should set out the name of the township—but that a bond conditioned only to discharge the duties of his office as constable, is sufficient. Statute '35, p. 116, § 2 & 7; Sess. Acts 1842–3, p. 75.

2. If it be necessary, it may be shewn that it was omitted by mistake, and the omission supplied by proof. Starkie's Ev., title *Parol Evidence*, side p. 556, 557, vol. 2 & note 1; 13 Mass. Rep. 158; 2 Dallas, 180.

HALL, for Defendant,

Relies upon the following

### POINTS AND AUTHORITIES.

1. The declaration does not aver that the several judgments upon which the executions, in the declaration mentioned, issued, are yet unpaid.

2. It does not aver that said executions were delivered to said Kirby as constable of Washington township.

3. It does not aver that said executions we re not returned by order of plaintiff's agent.

4. In the bond set out in the plaintiff's declaration, there is not such a degree of moral certainty as to leave on the mind of a reasonable man no doubt of the intent of the parties. In no part of the instrument can we collect what was the name of the township of which the defendant is charged as having acted as constable. The bond in this respect is utterly void. See Grant & Finney vs. Brotherton's Admr. to the use of Janney, 7 Mo. Rep. p. 458; Cole's Admr. vs. Hulme, 8 Barn. & Cress. 568; Waugh vs. Bussell, J. C. L. R. 1st vol. p. 241; Say vs. Loyd, 4 Brown's Par. Cases, p. 73.

5. A demurrer only admits that part of a declaration which is well pleaded to be true. A declaration is bad upon a demurrer after oyer craved, which supplies by averment any material word to the instrument sued on. See Warder vs. Evans 2 Mo. Rep. p. 166. As to the right of contradicting, adding to, altering or varying a written instrument by parol testimony, see Lane vs. Price, 5 Mo. Rep. 101; Benson vs. Peebles, 5 Mo. R. p. 132; 1 Phillips on Ev. p. 480; Cowen & Hill's notes on Ph. on Ev., p. 1394, 1437, and authorities there cited.

McBRIDE, J., delivered the opinion of the court.

This was an action of debt brought by plaintiff against the defendant on a constable's bond. The defendant craved oyer of the bond, set it out and demurred.

The condition of the bond is, "that whereas the above bounden Richard Kirby was duly elected constable of ———— in the county of Jackson and State of Missouri, at the general election held on the first Monday, Tuesday and Wednesday in August, 1840, until the next general election. Now, therefore, if the above bounden Richard Kirby shall serve all process to him directed and delivered, and shall pay over all moneys by him collected thereon, and in all other respects shall well and truly do and perform all and singular the duties that now are or may be enjoined on him by law to do and perform, as constable of said township, then this obligation to be void, else to remain in full force and effect."

The demurrer having been sustained, the plaintiff has brought the case here by writ of error.

State of Missouri to the use of Mitchell vs. Kirby.

Two points growing out of the record, are presented for the decision of this court.

1. "It is not necessary that a constable's bond should set out the name of the township—but a bond conditioned only to discharge the duties of his office as constable, is sufficient."

2. "If it be necessary, it may be shewn that it was omitted by mistake, and the omission supplied by proof."

The second section of "an act respecting constable's," R. C. 116, provides that "Every constable, within ten days after his election or appointment, shall give bond to the State, and give good security, for not less than four hundred, nor more than ten thousand dollars, conditioned that he will execute all process to him directed and delivered, and pay all moneys received by him upon the same, and in every respect discharge all the duties of constable according to law. The said bond shall be approved of by the court or clerk in vacation, and if taken by the clerk in vacation shall be approved of or rejected by the court at the next term."

By comparing the conditions of the bond sued on, with the condition given by the foregoing section of the statute, it will be found that they are substantially the same. The statutory condition does not appear to contemplate the insertion of the name of the township. There is in the commencement of the condition of the bond a recital made by the clerk, and in that is found the blank of which the defendant objects. This recital not being required by the statute, nor necessary to give validity to the bond, might well be dispensed with, without impairing the remedy of the plaintiff, or releasing the defendant from any just liability.

And although the constables are elected by the voters of their respective townships, their duties, as will be seen by reference to the seventh section of the act, are not confined exclusively to the townships electing them. Having general duties to perform co-extensive with the limits of the county, and for the failure of performing which, they might become liable on their bond, no necessity is apparent that the bond either in its obligatory part, or its condition, should designate the township which elected the defendant. It is sufficient to authorize him to act, that he has a certificate of his election.

It not being deemed important to the validity of the bond, that the name of the township should be given, supercedes the necessity of investigating the second point.

The other members of the court concurring herein, the judgment of the circuit court is reversed, and the cause remanded.