[No. 93. First Appellate District.—November 21, 1905.]

## GEORGE H. MIXER, Appellant, v. NETTIE A. MIXER, Respondent.

Injunction Against Servant — Cross-complaint — Services Rendered as Wife—Divorce—Agreed Remarriage—Representation of Plaintiff.—In an action to enjoin the defendant from remaining in plaintiff's house, under a complaint alleging her employment as a servant at $20 per month, and her discharge in May, 1902, upon which issue was taken by the defendant, a cross-complaint, alleging that they had been husband and wife, but had been divorced in 1898, and a few months thereafter had agreed to remarry

at Reno, Nevada, where she became unconscious, and after recovery therefrom was told by plaintiff that the marriage had taken place, and they were again husband and wife, that they then assumed marital relations, and that she afterward, in 1901, assumed management of plaintiff's lodging-house as his wife, and so continued till May, 1902, during all of which time she believed that she had been legally married to him, and was his wife, and that in so doing she had rendered him services worth $50 per month, states a cause of action entitling her to relief against the plaintiff.

ID.—"TRANSACTION" EMBRACING RELATIONS OF PARTIES.—The "transaction" upon which the action was brought embraced the relations between the plaintiff and the defendant under which the latter rendered the services alleged by him, and the affirmative relief sought by her under the cross-complaint related to and depended upon those relations. The plaintiff could not, by alleging that the services were rendered under an employment, deprive her of the right of showing the facts under which they were rendered, or of obtaining what relief she was entitled to upon the ascertainment of the facts by the court.

ID.—IMMORAL RELATION NEGATIVED.—The averments of the cross-complaint are inconsistent with the theory that the services rendered were of an immoral nature and upon an illegal consideration; and the finding that she remained in plaintiff's house in the relation of mistress, and remained in that capacity, under the belief that she was his wife, negatives the idea that the services were rendered upon the consideration that she would be his illegal mistress.

ID.—FRAUD OF PLAINTIFF.—If the plaintiff fraudulently induced the defendant to render the services found by the court, he cannot avail himself of his own fraud in so doing to escape liability for their value.

ID.—ALLOWANCE OF INTEREST—IMPROPER CONCLUSION—CONSTRUCTION OF JUDGMENT.—Where the court does not specify dates of service, and the services were not rendered under a contract fixing dates, a conclusion of law that the defendant was entitled to interest on the sum of $30 per month from the several dates at which they accrued, but where the judgment was for $360 with interest thereon, is to be construed as properly importing legal interest from the date of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Robert Ash, for Appellant.

John L. Boone, for Respondent.

HARRISON, P. J.—In this action, brought by the plaintiff to procure an injunction against the defendant, the latter filed a cross-complaint against the plaintiff, under which she sought to recover for services rendered him by her. It is recited in the bill of exceptions that before the trial of the cause, the court had granted the injunction prayed for, and that the only questions for trial were the issues raised by the cross-complaint as to wages. Judgment upon these issues was rendered in favor of the defendant, giving her $360, the value of her services. The plaintiff has appealed.

The plaintiff alleges in his complaint that in July, 1901, he employed the defendant as a servant in his house at the wages of $20 per month, and that she continued to work for him until May, 1902, and that about that date he had discharged her from his employment, but that she refused to leave the house and claimed a right to remain there; and by so doing she deprived him of the free use of his property, and he therefore asked that she be enjoined from further remaining in the house.

In her answer the defendant denied these allegations, and also denied that she ever had been employed by him as a servant; and by way of cross-complaint against him, alleged that they had once been husband and wife, but had been divorced in 1898, and that a few months thereafter, upon the plaintiff's request, they had agreed to remarry, and that such marriage should take place in the state of Nevada; that, in pursuance thereof, they started for that state, and at Sacramento took passage upon a train which the plaintiff informed her would take them to Reno, and went to a place which she believed to be Reno; that while they were at that place she became unconscious, and upon recovering consciousness was told by the plaintiff that the marriage had taken place, and that they were again husband and wife; that they then returned to San Francisco and assumed marital relations at her place of residence; that at that time the plaintiff was the proprietor of a lodging-house in another part of the city, and that subsequently, at his request, she went with him to that place as his wife, and in connection with him assumed its management and control, and so continued until May 24, 1902, during all of which time she believed that she had been legally married to him and was his wife;

and that in so doing she had rendered him services which were worth $50 per month. These allegations of the defendant were denied by the plaintiff in his answer to the crosscomplaint, but the court found them to be true. The court also found that no marriage ceremony had taken place between them, and that the defendant is not the wife of the plaintiff, but that she believed during all of said time that she was his wife; that her unconscious condition, upon recovering from which he told her that the marriage had taken place, was produced by him by administering drugs to her; that he never employed her in his house in the capacity of servant, but that she performed all the duties of a servant for him from May, 1901, until May, 1902, and that her services were worth $50 a month, of which he had paid her $20 a month. These findings are fully sustained by the evidence set forth in the bill of exceptions.

1. The court did not err in refusing to strike out the crosscomplaint or in overruling the demurrer thereto. The "transaction" upon which the action was brought embraced the relations between the plaintiff and the defendant under which the latter rendered the services alleged by him, and the affirmative relief sought by her under her cross-complaint related to and depended upon those relations. The plaintiff could not, by alleging that the services were rendered under an employment, deprive her of the right of showing the facts under which they were rendered or of obtaining whatever relief she was entitled to upon the ascertainment of those facts by the court. (*Story & Isham Co.* v. *Story,* 100 Cal. 30, [34 Pac. 671].)

2. The facts set forth in the cross-complaint sufficiently state a cause of action entitling the defendant to relief against the plaintiff. The averments therein of the relation which she sustained to him, and of the circumstances under which she rendered services to him, are inconsistent with the construction contended for by the appellant that the services were of an immoral nature or rendered upon an illegal consideration; and the finding of the court that she "assumed the position of mistress in plaintiff's house and remained there in such capacity until the commencement of this suit," under the belief that she was his wife, negatives any idea that the court intended to find that she was his paramour or that

the services were rendered upon the consideration that she would be his illicit mistress. If the plaintiff fraudulently induced her to render the services found by the court, he cannot avail himself of his own fraud in so doing in order to escape liability for their value.

3. In its conclusions of law the court finds that the plaintiff is indebted to the defendant in the sum of $30 per month "with interest thereon from the several dates at which it accrued." The court does not specify these dates, and as the services were not rendered under any contract specifying the amount or the time for payment, the wages cannot be held to have accrued monthly. The court was, therefore, in error in this respect. The judgment, however, awards the defendant the sum of $360 "with interest thereon," which is to be construed as legal interest from the date of its rendition.

The judgment and order are affirmed.

Cooper, J., and Hall, J., concurred.