### KRAUTER v. KRAUTER.

No. 11249—Opinion Filed June 29, 1920.

(Syllabus by the Court.)

**Marriage—Annulment—Division of Property.**

In an action where a marriage is found and decreed to be incestuous and void, because the parties were first cousins, the woman having entered into said marriage contract in good faith, the court, while it cannot grant alimony as such, has authority to make an equitable division of the property jointly accumulated by the parties while they lived together as husband and wife.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by Lucy Krauter against Bert Krauter for annulment of marriage and for division of property. Judgment for plaintiff, and defendant brings error from decree as to property rights. Affirmed.

H. Tom Kight, for plaintiff in error.

Robinett & Ford, for defendant in error.

McNEILL, J. This action was commenced in the district court of Tulsa county by Lucy Krauter filing suit against Bert Krauter to have a certain marriage contract entered into on the 18th day of November, 1905, declared null and void for the reason that at the time of entering into said contract said Lucy Krauter and Bert Krauter were first cousins, and under and by virtue of the laws of Michigan, where said marriage was consummated, the same was incestuous and void, and that the same is incestuous and void under the laws of the state of Oklahoma, where the parties reside. Plaintiff alleged that at the time of the marriage she entered into said marriage in good faith, and that defendant nor herself had any property, but by their joint accumulations and with the aid and assistance of their parents they had accumulated considerable property, consisting of a hotel in Tulsa, valued at $12,000, and a rooming house and drug store in the city of Claremore, valued at approximately $12,000.

The defendant answered, admitting the marriage and that the same was incestuous and void by reason of the relation of the parties, both under the laws of Michigan, where it was consummated and under the laws of Oklahoma, where they reside, and alleged that he owned property described in plaintiff's petition, and the property over and above the indebtedness was of the approximate value of $16,000. Defendant alleged that he had always supported the plaintiff, but that the property belonged to him, and he asked that the marriage contract be declared void and he be decreed to own all of said property, and further alleged that plaintiff had $2,000 in the bank in Tulsa in her name, being the earnings from the Tulsa property, and asked that the court decree the same to be his property.

Upon trial of the case to the court, the court found, first, that the marriage contract between the plaintiff and defendant entered into in the state of Michigan was incestuous and void, and was incestuous and void under the laws of the state of Oklahoma, where they reside. The court found that the parties had accumulated property by their joint efforts amounting to approximately $16,000, and that a partnership existed between the parties since their pretended marriage, and during the time they lived and cohabited together, and that the property should be divided share and share alike. The court further found that plaintiff entered into the marriage contract in good faith. From said judgment, the defendant has appealed.

For reversal, it is the contention of the plaintiff in error that the marriage, being incestuous and void, was so from its inception, and that plaintiff was not entitled to alimony nor did she acquire any right in and to any of the property acquired during marriage, but as a matter of law the property accumulated was the property of said plaintiff in error, and defendant in error had no rights therein. The record discloses that the plaintiff and defendant were first cousins,

and at the time of their marriage the plaintiff was 15 years of age, and the defendant about 22 years of age. The cases of this kind and character are not very numerous, and the rights of the parties thereunder often present very intricate and delicate questions. If plaintiff in error's position is true, we are confronted with an unusual condition; the defendant in error, a farmer girl, 15 years of age, entered into a marriage contract with her first cousin, which under the law was void; at the time of the marriage they had no property; for practically 15 years they worked and toiled together, and have saved and accumulated about $16,000 worth of property over and above their indebtedness; the court found that the plaintiff had assisted in accumulating the property and the same was the saving of their joint efforts. Can it be said, under such conditions, that the defendant in error shall be turned out and receive no benefits from her 15 years of work and the accumulations thereof, and her pretended husband, although a party to the void marriage, reap all the benefits from their joint accumulations, and not only retain the fruits of his labor, but her accumulations also free from any right or claim of the plaintiff? We do not believe that such a contention is tenable under the law, nor can such a harsh and cruel interpretation of the law be sustained.

It is true the general rule is, when a marriage is void because incestuous or bigamous or for other reasons, the woman acquires no right to dower, courtesy, or alimony notwithstanding she has acted in good faith; a void marriage ordinarily conferring no right upon either of the parties in respect to the property of the other, such as would be conferred if the marriage were valid. But a different question is presented where the property is accumulated during the existence of the void marriage relation. The rights of the parties in regard to their joint accumulations were stated in the case of Fuller v. Fuller, 33 Kan. 582, as follows:

"It is our opinion, however, that in all judicial separations of persons who have lived together as husband and wife, a fair and equitable division of their property should be had; and the court in making such division should inquire into the amount that each party originally owned, the amount each party received while they were living together, and the amount of their joint accumulations."

This case was followed by the Supreme Court of Kansas in the case of Werner v. Werner, 59 Kan. 399, 53 Pac. 127, 68 Am. St. Rep. 372, 41 L. R. A. 349, wherein the court stated:

"In an action wherein the marriage between two parties is found to be void because one of the parties had a husband or wife living at the time of the invalid marriage and a decree of nullity is entered, the court, while it cannot grant alimony as such, has authority to make an equitable division of the property jointly accumulated by the parties while they lived together as husband and wife."

The Supreme Court of California followed the same theory in the case of Coats v. Coats, 118 Pac. 441, and discussed the distinction between the rights that one acquired in the other's property by reason of a void marriage, and the rights acquired in property that was accumulated during the void marriage by reason of the joint earnings and accumulations of the parties, as follows:

"The controversy is, not over the property owned by the defendant prior to marriage, or acquired by him alone thereafter, but has to do with the acquisition of the two parties after marriage, and before annulment. If both have contributed to such acquisitions, each has an interest which did not exist at the time of the marriage. The status quo could not be restored upon annulment, without making some provision for the equitable division of this property. In the absence of fraud or other ground affecting the right to claim relief, there can be no good reason for saying that either party should, by reason of the annulment, be vested with title to all of the property acquired during the existence of the supposed marriage."

The Supreme Court of Washington, in the case of Buckley v. Buckley, 96 Pac. 1079, said:

"But, independently of the statute of divorce, we think the court had authority to decree not only an annulment of the marriage, but also the division of the property which had been jointly accumulated by the parties. It was an equitable proceeding, and within its equity power the district court had full jurisdiction to give adequate relief to the parties. The division that was made was eminently equitable and just."

This same rule of law has been followed by the courts of the state of Texas and announced in the case of Lawson v. Lawson, 69 S. W. 241. The cases upon this question are annotated in the case of Deed v. Strode, 96 Am. St. Rep. 263. In the case of Schmitt v. Schneider, 35 S. E. 145, the Supreme Court of Georgia dismissed a case of the same kind and character, holding that the wife acquired no rights in the joint accumulation, and the court had no jurisdiction to grant relief. With this we cannot agree.

This being a proceeding in equity, the court had jurisdiction of the parties and of their property; having declared that the marriage was void from its beginning, it was then incumbent upon the court to deal with the property of the parties accumulated by them during said time by their joint efforts. The

defendant in this case was asking a court of equity to decree him to be the owner of $2,000 in cash which was in the name of the plaintiff in the bank.

Both parties were in a court of equity asking a court of equity to determine their property rights, and the court had a right to deal with the parties and their property as he found them. The court found that the joint accumulations of these parties consisted of property of the value of some $16,000. The court could not put the parties back in statu quo, or in the position they were when they first entered into the void marriage. What, as a matter of right and equity, would become of this property that was jointly accumulated by the parties? Would a court of equity decree it to be the property of one to the exclusion of the other? We do not think so; and, while it may be true that the relation between the parties could not strictly be termed a partnership, yet it might be termed a quasi partnership, and the different courts have dealt with the situation on the theory that the relation of the parties created a quasi partnership. We think it is immaterial whether it is called a quasi partnership or not, but the facts bring the case squarely within the rule that a court of equity has the inherent power, where the parties appear in said court, and the court has jurisdiction of both the parties and their property, to adjudge the marriage void and settle their property rights acquired during the existence of the marriage relation and make an equitable division thereof. There is no contention made that if the court had jurisdiction or authority to make the division he did, the same is not equitable. The court had jurisdiction to adjudicate the rights of the parties in the property accumulated during said relations.

For the reasons stated, the judgment of the court will be affirmed.

HARRISON, V. C. J., and KANE, PITCHFORD, JOHNSON, and RAMSEY, JJ., concur.