[Civ. No. 6273. First Appellate District, Division One.—May 23, 1928.]

FREDERIC G. FAIRBANKS et al., Appellants, v. B. MACREADY, Respondent.

Joe Crider, Jr., and Dennis & Griffith for Appellants.

F. R. McNamee and Luke J. McNamee for Respondent.

KNIGHT, J.—This suit was brought to enjoin an alleged violation of certain uniform building restrictions contained in a deed to a lot which formed a part of a tract of land platted, subdivided, and sold, pursuant to a general plan

or scheme for the improvement and development of the whole tract. Judgment was entered in favor of defendant, and plaintiffs appeal.

The building restriction in question provided: "That the premises shall be used for residence purposes only; that no apartment house, double house, flat, lodging house, hotel, or any building or structure whatever other than a first class private residence with the customary out buildings, including a private stable or garage, shall be erected, placed, or permitted on said premises or any part thereof; that such residence shall cost and be fairly worth not less than $5,000. . . . ''

The appeal is taken upon the judgment-roll alone, and the main question presented is whether the findings are legally sufficient to support the judgment. The following are the facts as they are established by the findings: The defendant was about to have moved on to the lot acquired by him in said tract an old two-story structure which was in a dilapidated condition and not fairly worth the sum of $5,000, for the purpose of altering and rebuilding the same; and the plaintiffs, claiming that said structure when completed would not be worth $5,000 and would not be a first-class private residence either in construction, appearance, or otherwise, nor in keeping with the other type or character of buildings on said tract, protested in writing to defendant against the same being placed on said lot. The protest was ignored and thereupon plaintiffs commenced this suit, obtained a restraining order, and applied for a temporary injunction. At the time the application for a temporary injunction was heard, however, the trial court found that notwithstanding said structure was not at that time a first-class dwelling-house nor worth the sum of $5,000, that it could be converted into a first-class dwelling-house and be worth more than $5,000. Upon the grounds mentioned the application for a temporary injunction was denied and the restraining order vacated "without prejudice," however, the court declaring that "defendant's future work, construction, and alterations upon said lot in connection with said structure so moved on to said lot by them being at his peril should the building when completed not fully comply with the building restriction set up in the complaint herein." The cause

afterward came on for trial on the merits and the court found that defendant had altered said structure and prosecuted the construction work to a completion so that said structure at that time was reasonably worth in excess of $5,000, to wit: the sum of $7,500; and did not in any manner violate any of the building restrictions, conditions, or reservations imposed by the terms of said deed, but, on the contrary, conformed thereto; and, therefore, judgment was entered in favor of defendant.

Plaintiffs contended in their opening brief that in the absence of a supplemental answer alleging compliance with the building restrictions between the time the case was at issue and the date of trial, the judgment in defendant's favor is not supported by the pleadings; but this contention was abandoned in the closing brief. ■ Plaintiff's second contention is that in any event they were entitled to a judgment restricting defendant's use of the building to private residential purposes, the contention being based upon the following findings: "that on some occasions, for short periods, defendant has rented rooms in said structure *prior to removal*, to relations and friends while defendant Macready and his family has resided therein. That said building has five bed rooms." (Italics ours.)

Assuming, as plaintiffs claim, that to rent the rooms in said house would constitute a violation of the "private residence" restriction contained in the deed, and would therefore entitle plaintiffs to injunctive relief, there is nothing in the findings indicating that since moving said building on to the lot in question defendant rented or that he threatens or intends to rent any of the rooms therein. ■ True, the building contains five bedrooms, but the findings show that the house is occupied by "the defendant Macready, his wife, and other members of his household," and it may be inferred therefrom that all of said bedrooms are necessary for the convenient use and occupation of regular members of the family and the servants, or for the accommodation of house guests. At any rate, because a dwelling contains one or two extra bedrooms it does not follow that the same are going to be rented. Defendant therefore cannot be enjoined from doing something which he has not threatened to do, nor is in fact doing.

The court further found that the restriction limiting the use of said lots to "first class" private residences was indefinite and therefore unenforceable, and plaintiffs attack the soundness of this finding. But whether the trial court was right or wrong in its conclusion on that issue becomes immaterial on this appeal, for the reason that, assuming, as plaintiffs contend, that the restriction is valid, the trial court nevertheless found that it was not violated, and therefore in no event were plaintiffs entitled to a judgment.

The general finding relating to the observance of the building restrictions was that said structure "does not now violate the building restrictions, conditions, and reservations imposed upon said Tract No. 3752, but, on the contrary, now conforms thereto." ▮ Elsewhere in the trial court's decision, however, wherein it declared that the restriction limiting the use of said lots to "first class" private residences was indefinite and unenforceable, the statement was added that "all evidence on such subject has been and is stricken out"; and plaintiffs therefore contend that the effect of the latter statement was to qualify the general finding so that as the trial court's decision now stands there is no finding on the issue as to whether or not said building at the time of its completion was deemed to be a "first class" residence. Even assuming this to be true, the judgment is not invalidated thereby, for it has been repeatedly held that failure to find upon an issue, the finding upon which may have the effect of invalidating a judgment fully supported by the findings made, is not ground for reversal unless it be shown by a statement, bill of exceptions, or substitute therefor, that evidence was submitted in relation to the issue, sufficient to authorize such a finding as would have the effect of invalidating the judgment (*Llano Investment Co.* v. *Minton,* 190 Cal. 752 [214 Pac. 855]; *Kaiser* v. *Dalto,* 140 Cal. 167 [73 Pac. 828]; *John A. Roebling's Sons Co.* v. *Gray,* 139 Cal. 607 [73 Pac. 422]; 24 Cal. Jur. 947; 2 Cal. Jur. 525). And, as already noted, none of the evidence in the present case has been brought before us, the appeal having been taken on the judgment-roll alone; therefore we have no way of knowing whether plaintiffs offered any evidence whatever to prove that the building, at the time of its completion, was not a "first class" private residence; or,

if any such evidence was so introduced, of determining whether it would be legally sufficient to support an affirmative finding on that issue; nor in the absence of a record on appeal embodying the evidence and the proceedings had before the trial court are we permitted to review the ruling striking out the evidence on that issue. (2 Cal. Jur. 525.)

The judgment is therefore affirmed.

Tyler, P. J., and Parker, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 21, 1928, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1928.

All the Justices present concurred.