[Civ. No. 6498.  First Appellate District, Division Two.—April 14, 1930.]

J. CHABAN, Respondent, v. L. PITTLER, Appellant.

John H. Crabbe for Appellant.

Walter McGovern for Respondent.

NOURSE, P. J.—Plaintiff sued in two common counts for labor and materials furnished in the interior renovation of an apartment house. The cause was tried without a jury and resulted in a judgment for plaintiff in the sum of $1,357.75. Defendant appeals on the judgment-roll alone.

The first count was on an express contract for the sum of $2,500, of which $1,250 had been paid. The second count was for the reasonable value of labor and materials alleged to be $357.75. The defense was based on allegations that the original contract had not been performed according to specifications and that the labor and materials covered by the second count were not furnished and were of no value. The defendant also filed a cross-complaint for damages in the sum of $2,000 for inefficient work and defective materials.

The trial court found the allegations of the complaint to be true generally save that plaintiff did not strictly perform the contracts and that the reasonable cost to defendant of performing would be $250, which sum she was awarded as damages. The allegations of the answer and cross-complaint were found untrue except as to the matter of damages above noted.

On this appeal the appellant argues that findings are conflicting and that they are merely conclusions of law

containing nothing in the nature of ultimate facts. The argument that the findings are conflicting is predicated on the form of the answer setting up a special written contract and guaranty covering the performance of the services. In finding that the allegations of the answer were all untrue "save and except that . . . it is true that plaintiff did not strictly perform and complete *said contracts*" it would seem that the trial court found that the written contract was executed as alleged in the answer because that is the only contract upon which the allegations of the answer are based. If this was the intention of the court there would appear to be some conflict in the findings, but, from the state of the record, we are unable to say whether this is prejudicial to appellant. We are, of course, precluded from any consideration of the evidence in this appeal based on the judgment-roll. If the answer had set up the terms and conditions of the written guaranty so that the inconsistency between the allegations of the complaint and answer would be apparent appellant's case would be simple. However, so far as can be determined from the pleadings, the amount sued for may be well within the terms of the written guaranty. ■ In relation to the appellant's claim that respondent failed to comply with the terms of the guaranty as to the character of labor and materials furnished the findings are adverse to appellant and we cannot say that they are not supported by substantial evidence.

■ Upon the second point we are also stopped by the method employed by appellant in presenting her appeal. The findings were as broad and specific as the averments of the complaint and this is all that is necessary to support the judgment. (*Dam* v. *Zink*, 112 Cal. 91, 93 [44 Pac. 331.) ■ If the court failed to find on any issue raised by the answer it would be necessary to have the evidence before we could say there was error. In the absence of such showing we must presume that if a finding were made it would be adverse to appellant. (*Fairbanks* v. *Macready*, 92 Cal. App. 156, 160 [267 Pac. 716, 268 Pac. 947]; *Turgeon* v. *Barney*, 70 Cal. App. 432, 435 [233 Pac. 394]; 24 Cal. Jur. 947; 2 Cal. Jur. 525.)

Judgment affirmed.

Sturtevant, J., and Burroughs, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 12, 1930.