[S. F. No. 13238. In Bank.—January 12, 1931.]

MARIA FIGONI, Respondent, v. JOHN FIGONI, Appellant.

Waldo F. Postel for Appellant.

R. V. Bressani and C. C. Coolidge for Respondent.

SHENK, J.—This is an action to have it declared that the marriage between the parties is void, for the custody and support of minor children and for a division of property acquired during the marriage relation.

The plaintiff is the niece of the defendant, the latter being a brother of the full blood of the plaintiff's father. The parties participated in a ceremony of intermarriage at Redwood City on July 22, 1919. To this union were born two children, a daughter aged seven years and a son aged five years at the time the present action was commenced in February, 1927.

The court found that neither party knew at the time of said purported marriage, nor at any time thereafter until their separation on July 3, 1926, that the marriage was incestuous or in conflict with the laws of the state; that the

plaintiff mother is a fit and proper person to have the custody and control of the children and that the parties, subsequent to said marriage, accumulated by their joint efforts, and while they were living together as husband and wife, certain real property situated in the city of Palo Alto. On conclusions of law from the facts found the court entered judgment declaring said marriage null and void, awarded the custody of the children to the plaintiff, divided said real property equally between the parties and reserved the question of the support and maintenance of the children for further consideration upon motion of either party.

On this appeal from the judgment the defendant contends first, that the complaint fails to state a cause of action in this, that it purports to have been filed under section 82 of the Civil Code providing for the annulment of marriages when the action should have been brought, so it is claimed, under section 80 of the same code providing that "either party to an incestuous or void marriage may proceed, by action in the superior court, to have the same so declared". There is no merit in the contention. The complaint alleged the facts, including that of the incestuous marriage, which, if true, called for some action on the part of the court. Although the complaint prayed for an annulment of the marriage it also prayed for general relief. The court treated the action as one brought under section 80 and "declared the marriage wholly null and void from the beginning". No prejudice whatsoever was suffered by the defendant because of the alleged technical misuse of the terms "annul" and "annulment". In fact, the commonly accepted meaning of those terms is to declare void or render invalid.

It is next contended that in an action under section 80 of the Civil Code the court is confined in its judgment to a declaration that the marriage is void and can grant no further relief, such as awarding the custody of children and dividing the property. This would indeed be a narrow view to take of the powers of the court in the premises. The power of the court to declare the marriage void is conceded. The power to provide for the custody of minor children born during the marriage relation must also be conceded. Likewise, the power of the court to divide equally

between the parties the property acquired by their joint efforts while living together under a void marriage entered into in good faith is well established. (*Schneider* v. *Schneider*, 183 Cal. 335 [11 A. L. R. 1386, 191 Pac. 533]; *Coats* v. *Coats*, 160 Cal. 671 [36 L. R. A. (N. S.) 844, 118 Pac. 441]; *Macchi* v. *La Rocca*, 54 Cal. App. 98 [201 Pac. 143].) Vested with these powers and having the parties before it, with the issues tendered and joined, we can see no possible reason why the court should not proceed, as it did in this case, to adjudicate the entire controversy between the parties in the same action and thus avoid a multiplicity of suits.

Finally, it is contended that the evidence does not support the findings. ■ It is asserted that on the record the custody of the children should have been awarded to the father instead of to the mother. This matter is so peculiarly the province of the trial court that its determination will not be disturbed except in the face of a clear abuse of discretion, which we do not find here. ■ It is also claimed that the evidence shows without conflict that the real property divided equally between the parties was acquired by the defendant from funds owned by him before the marriage ceremony took place. This contention is not supported by the record. At the trial the defendant attempted so to establish, but the evidence on the subject is not of that conclusive character as to require a reversal. Furthermore, it appears that on July 22, 1926, the defendant sued the plaintiff for a divorce in Santa Clara County. In his verified complaint he alleged that the real property, which was divided between the parties in the present action, was "acquired by him from his earnings since the marriage of said parties". This declaration, when considered with the other evidence on the subject, was sufficient to create a conflict to be resolved by the trial court.

The judgment is affirmed.

Richards, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.