## JENKINS v. JENKINS

No. 6731.  Decided November 15, 1944.  (153 P. 2d 262.)

See 27 C. J. S. Divorce, Sec. 182; [8] 110 A. L. R. 1290; 35 Am. Jur. 226.

*Christenson & Christenson,* of Provo, for appellant.

*Critchlow & Critchlow,* of Salt Lake City, for respondent.

WOLFE, Chief Justice.

Action for divorce. The complaint sets forth the usual allegations including an allegation that the plaintiff was married to the defendant on July 13, 1941. By way of answer and a pleading denominated a "cross-complaint" the defendant joined issue as to the ground for a divorce but admitted the marriage and alleged that the plaintiff and defendant were still man and wife.

At the trial it developed that the plaintiff at the time of the purported marriage to the defendant was married to another man from whom she had obtained only an interlocutory divorce decree. This decree had not become final. Upon this showing the trial court held that the purported marriage on July 13, 1941, was void. The court then proceeded to determine the rights of the litigants in various property which had been accumulated by them while they lived together as man and wife. The court also provided for the care and custody of the minor child which was born as issue of said purported marriage and allowed the plaintiff costs and an attorney's fee.

The defendant on this appeal contends that the court had no jurisdiction to do more than dismiss the case; that its order respecting the property, the custody of the child and attorney's fee should be vacated.

In view of the fact that the plaintiff had only an interlocutory decree of divorce from her prior marriage and said decree had not yet become final, she was still married at the time of her purported marriage to defendant and the trial court correctly held that the purported marriage was void ab initio. *Sanders* v. *Industrial Comm.,* 64 Utah 372, 230 P. 1026; *Johnson* v. *Johnson,* 84 Utah 168, 35 P. 2d 305; *Sharp* v. *Dist. Court,* 81 Utah 236, 17 P. 2d 261; *Fisch* v. *Marler,* 1 Wash. 2d 698, 97 P. 2d 147; *Sullivan* v. *Sullivan,* 219 Cal. 734, 28 P. 2d 914; Restate-

ment of Conflict of Laws, 195, §131. The continued cohabitation as man and wife after the said interlocutory decree became final would not validate the void marriage. See *Senders* v. *Ind. Comm.*, supra. Since the purported marriage was void there was no grounds nor necessity for divorce. However, it is proper for the good of society and the peace of mind of the persons concerned that void marriages be so declared by decree of the court. Such a declaration could properly have been obtained by a suit for an annulment. See Section 40-1-17, U. C. A. 1943.

The pleadings do not state a cause of action for an annulment. However, the findings of fact and conclusions of law would support such a decree and indicate that the parties joined issue at the trial on various matters not encompassed by the pleadings. The appeal is upon the judgment roll. In the absence of a bill of exception showing the contrary, it will be assumed that the various additional matters covered by the findings were litigated by common consent. See *Sanguinetti* v. *Sanguinetti*, 9 Cal. 2d 95, 69 P. 2d 845, 111 A. L. R. 342, and *Bonnelfillio* v. *Ricks*, 214 Cal. 287, 4 P. 2d 929. In the latter case the court, in rejecting the contention that the judgment of the trial court should be reversed because the findings were not within the pleadings, said:

"As the appeal is upon the judgment roll, we must presume that all facts found by the court and not within the pleadings in the case were by agreement of court and counsel put in issue during the trial of the action. *McDougald* v. *Hulet*, 132 Cal. 154, 64 P. 2d 278; *Fighiera* v. *Radis*, 180 Cal. 660, 182 P. 418."

Under the above authorities we will assume that the matters covered by the court's findings were litigated by consent. Where the parties consent to the litigation of an issue not properly raised by the pleadings and the court hears the evidence adduced thereon and determines the merits of the issue thus joined, neither party is in a position to complain that such issue was not strictly within pleadings. See *Genola Town* v. *Santaquin City*, 96 Utah 88, 80 P. 2d 930.

Under Section 40-1-17, U. C. A. 1943, the court clearly had the authority to declare the purported marriage void. Where the marriage has been entered into in good faith by both parties or where, as here, both parties knew of the interlocutory decree of divorce which had not ■ yet become final, the court in the exercise of its equitable power has jurisdiction to require an equitable distribution of the property acquired during the time the litigants were cohabiting as man and wife. See *Sanguinetti* v. *Sanguinetti,* 9 Cal. 2d 95, 69 P. 2d 845, 111 A. L. R. 342; *Figoni* v. *Figoni,* 211 Cal. 354, 295 P. 339; *Fuller* v. *Fuller,* 33 Kan. 582, 7 P. 241; *Werner* v. *Werner,* 59 Kan. 399, 53 P. 127, 41 L. R. A. 349, 68 Am. St. Rep. 372; *Krauter* v. *Krauter,* 79 Okl. 30, 190 P. 1088; *Deed* v. *Strode,* 6 Idaho 317, 55 P. 656, 43 L. R. A. 207, 96 Am. St. Rep. 263; *Buckley* v. *Buckley,* 50 Wash. 213, 96 P. 1079, 126 Am. St. Rep. 900; *Powers* v. *Powers,* 117 Wash. 248, 200 P. 1080.

The court also had the authority to provide for the care and custody of the minor child born as issue of said purported marriage. See *Figoni* v. *Figoni,* 211 Cal. ■ 354, 295 P. 339; *Mickels* v. *Fennell,* 15 N. D. 188, 107 N. W. 53. In the Figoni case the court said [211 Cal. 354, 295 P. 340]:

"It is next contended that, in action under section 80 of the Civil Code, the court is confined in its judgment to a declaration that the marriage is void and can grant no further relief, such as awarding the custody of children and dividing the property. This would indeed be a narrow view to take of the powers of the court in the premises. The power of the court to declare the marriage void is conceded. The power to provide for the custody of minor children born during the marriage relation must also be conceded. Likewise, the power of the court to divide equally between the parties the property acquired by their joint efforts while living together under a void marriage entered into in good faith is well established. [Citing cases.] Vested with these powers, and having the parties before it, with the issues tendered and joined, we can see no possible reason why the court should not proceed, as it did in this case, to adjudicate the entire controversy between the parties in the same action, and thus avoid a multiplicity of suits."

Such a holding is entirely in accord with modern trends in procedure. The trial court should be permitted to determine the entire controversy in one suit so long as by so doing the court does not deprive one of the parties of a substantive right and the procedure followed ■ is not contrary to spirit or letter of procedural statutes. Such cases as *Hartford Accident & Indem. Co. v. Clegg*, 103 Utah 414, 135 P. 2d 919, have applied this philosophy enabling the court to end the controversy in one suit. After granting the annulment, the court correctly proceeded to determine incidental issues concerning the division of the property and to provide for the care and custody of the child.

As to the allowance of attorney's fees it may be noted that the almost unanimous weight of authority is to the effect that the wife, bringing a suit for an annulment of a marriage, is not entitled to such an allowance. Any allowance of attorneys' fees would be based ■ upon the duty of the husband to support and provide for the needs of the wife. If in this case the marriage were void ab initio the very premise upon which the right to an attorney's fee rests would not exist. As noted in *Kellogg* v. *Kellogg,* 122 Misc: 734, 203 N. Y. S. 757, 765:

"The extent to which the court has gone in actions of annulment is to allow counsel fees and temporary alimony, where the husband has brought an action to have the marriage annulled and the wife contests the nullity of the marriage."

The allowance of an attorney's fee for the plaintiff was improper. See annotation in 110 A. L. R. 1283, 1290.

The instant case, however, has an additional aspect. The trial court found that the defendant had failed to care and provide for the minor child. In its conclusions of law the court concluded that the plaintiff was justified in bringing this action, among other things, to have ■ a determination of the right of custody of the child and to make provision for its care and support. In *Rock-*

*wood* v. *Rockwood*, 65 Utah 261, 236 P. 457, we held that the father had a positive duty to support his minor child. Had the child brought the action to enforce the father's duty of support, the child would have been entitled to an allowance for attorney's fees and court costs. *Arais* v. *Kalensnikoff*, 10 Cal. 2d 428, 74 P. 2d 1043, 115 A. L. R. 163. In view of the court's finding that the father had not been supporting the child and that the plaintiff was justified in bringing this action to enforce said liability of the father to the child, the allowance of a reasonable attorney's fee for this purpose would have been proper. There is nothing in the record from which it can be told what would have been a proper allowance in this regard. The court did find that $150 would have been a reasonable allowance for services rendered in bringing and prosecuting the whole action for the benefit of both the plaintiff and the child. In the absence of a bill of exceptions, we must assume that the court was correct and that $150 would have been reasonable for the whole action. Since an attorney's fee could only have been allowed for part of the things which the action sought to accomplish, and since the value of the services for the whole was $150, it necessarily follows that something less would have been reasonable for the part. Without the evidence before us we cannot determine what would have been a reasonable allowance for bringing the action in behalf of the child.

The judgment is vacated insofar as it allows an attorney's fee. The case is remanded with instructions to allow a reasonable attorney's fee for services rendered in obtaining a decree for the care and support of the child. Costs to respondent.

McDONOUGH and WADE, J., and C. E. HENDERSON, District Judge, concur.

TURNER, J., being disqualified did not participate herein.

LARSON, Justice (dissenting).

I dissent. I concur in the holding that on the record before us, on an appeal on the judgment roll, we must assume that the questions decided by the trial court were by mutual consent of the parties litigated and submitted to the court for decision. I also agree that the trial court had power and authority to enter its decree for division of property (settlement of property rights) and provide for the maintenance and support of the minor child. I also agree that the court had authority to fix an attorney's fee for the mother in an action to secure support for the child.

I think that is exactly what the trial court did. As we must assume the matters decided by the court were litigated by common consent, so too we must assume was the matter of attorney's fee. The findings, conclusions and decree reveal that the fee was awarded "for the bringing and prosecution of this action" which we are holding was one for support of the child and settlement of property rights. We certainly cannot say that the fee was excessive for protecting the right of the child to support. The court has inherent power to award attorney's fees in such cases without evidence thereon. *Anderson* v. *Anderson,* 54 Utah 309, 181 P. 168. I must therefore dissent from the order remanding the case. I think the judgment should be affirmed in toto with costs to respondent.