[Civ. No. 6698.   Fourth Dist.   Mar. 29, 1962.]

DIXIE K. GRUBAUGH, Plaintiff and Respondent, v. JERRY
GRUBAUGH, JR., Defendant and Appellant.

Spiegel, Lincoff & Wolfson and Gerald G. Wolfson for Defendant and Appellant.

Nichols & Hodge and Christopher Hall for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal by defendant, Jerry Grubaugh, Jr., from an order of the Orange County Superior Court denying his motion to terminate alimony.

### FACTS

On November 6, 1958, plaintiff filed her complaint for annulment, charging that, at the time of her marriage to defendant on July 11, 1953, defendant had another wife living. On December 11, 1958, the parties executed a written property settlement which, in addition to setting aside certain specific property to each, provided for payment to plaintiff of the sum of $50 per month, "until further order of Court or until Wife should remarry or until the Wife gains employment, at which time, said payments shall cease." A decree of annulment was granted to plaintiff on December 17, 1958. It provided, *inter alia,* that "The property settlement agreement of the parties . . . is hereby approved and incorporated herein, and the parties are ordered to carry out the executory provisions thereof." Certain provisions for support of children are not in issue, defendant now having their custody.

On October 7, 1960, defendant moved the court for an order terminating the payment of $50 per month, on the ground that plaintiff was employed. After the hearing the trial court wrote an extended memo opinion discussing the question of jurisdiction of the court to grant "alimony" in an annulment case. In concluding its opinion it stated:

"The court lacks jurisdiction to grant the motion. . . . This writer believes that it would have terminated the alimony if it had jurisdiction on the basis that although the plaintiff may not have been employed, she could be estopped from asserting such a position.

"The clerk is directed to enter a Minute Order denying the Motion for the defendant for an order terminating alimony."

## APPEAL NOT MOOT

Both counsel have informed this court that plaintiff has remarried. Plaintiff contends this appeal is now moot because both parties concede that the $50 permanent support payments have terminated because of the remarriage. Defendant rejects this conclusion because the monthly payments after plaintiff is alleged to have acquired employment and before she remarried are still in dispute. We have concluded that defendant's position is correct, that the appeal does affect some payments and that therefore we are required to decide the primary dispute, which is whether or not the trial court had jurisdiction to pass on the factual question of whether plaintiff had acquired employment within the meaning of the decree and to terminate the support payments if it found this to be true.

## INTEGRATED PROPERTY SETTLEMENT

Certain well-recognized principles must be borne in mind when approaching the problem. ■■■ A court, as a part of its duty and power in passing on a complaint for annulment of marriage, has clear jurisdiction to divide on an equitable basis the property acquired by the parties during the de facto existence of the marriage. (*Figoni* v. *Figoni*, 211 Cal. 354, 356 [2] [295 P. 339] ; *Sanguinetti* v. *Sanguinetti*, 9 Cal.2d 95, 99 [4-5] [69 P.2d 845, 111 A.L.R. 342] ; *Vallera* v. *Vallera*, 21 Cal.2d 681, 689 [4] [134 P.2d 761] ; *Shore* v. *Shore*, 43 Cal.2d 677, 679 [1] [277 P.2d 4] ; *Sefton* v. *Sefton*, 45 Cal.2d 872, 875 [5] [291 P.2d 439].) ■■■ The parties may settle these property rights by agreement and the agreement may be merged in the decree of annulment so that enforcement may be had by execution. (*Foust* v. *Foust*, 47 Cal.2d 121, 123 [2-4] [301 P.2d 11].)

"An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property. Such an agreement would be destroyed by subsequent modification of a support order based thereon, without the consent of the parties. [Citations.] It is immaterial whether or not the marital property is divided equally. [Citations.] It is immaterial that the amount of the marital property is small. [Citation.] It is likewise immaterial that the agreement calls for payments for 'support' or 'alimony.' [Citation.] A support order based upon an

integrated agreement may be modified if the parties so provide." (*Plumer* v. *Plumer*, 48 Cal.2d 820, 824, 825 [5-4b] [313 P.2d 549].)

The fact that the support provisions are separately stated does not necessarily militate against integration. (*Grolla* v. *Grolla*, 151 Cal.2d 253, 259 [10] [311 P.2d 547].)

It has, of course, been repeatedly recognized that a court lacks jurisdiction to change the terms of an integrated property settlement agreement. (*Kohl* v. *Kohl*, 66 Cal.App.2d 535, 539-540 [1] [152 P.2d 494]; *Van Dyke* v. *Van Dyke*, 126 Cal.App.2d 238, 243 [271 P.2d 910]; *Helvern* v. *Helvern*, 139 Cal.App.2d 819, 829, 830 [5] [294 P.2d 482]; *Plumer* v. *Superior Court*, 50 Cal.2d 631, 636 [5] [328 P.2d 193].) But this is not to say that modification cannot be had in accord with the express provisions of the merged agreement. Such a change is not an abrogation of the agreement but, properly speaking, is in fulfillment or enforcement of the terms of the agreement. (*Wilder* v. *Wilder*, 214 Cal. 783, 785 [3] [7 P.2d 1032]; *Wylie* v. *Wylie*, 26 Cal.App.2d 167, 171 [3] [79 P.2d 152]; *Fox* v. *Fox*, 42 Cal.2d 49, 53 [5] [265 P.2d 881]; *Flynn* v. *Flynn*, 42 Cal.2d 55, 61 [13] [265 P.2d 865]; *Helvern* v. *Helvern*, *supra*, 827; *Plumer* v. *Plumer*, *supra*, 825 [4b].)

The agreement here at bar provides that it is an attempt to finally adjust and settle all of the parties' property rights, that the consideration was "their mutual promises and the terms, conditions, covenants and agreements of each as hereinafter set forth. . . ." Each waived all rights arising out of the marriage relation. Under the circumstances it was an integrated property settlement. (*Plumer* v. *Plumer*, *supra*, p. 825 [6].)

From the foregoing it is clear that the court had the jurisdiction to adjudicate on the merits, the question of whether or not the condition expressed in the contract upon the happening of which the $50 per month payment was to terminate, i.e., "until the wife gains employment," had in fact occurred. A denial of the motion on the ground of lack of jurisdiction was not warranted. The court should adjudicate the motion on its merits.

The order appealed from is reversed.

Griffin, P. J., and Coughlin, J., concurred.