WALKER v. WALKER.

1. FRAUD—CONCEALMENT OF MATERIAL FACTS.
Concealment of material facts may constitute actionable fraud.

2. SAME—SUPPRESSION OF A MATERIAL FACT.
Fraud may be consummated by the suppression of a material
fact which results in a false impression.

3. EQUITY—FRAUD—SUPPOSED COMMON-LAW MARRIAGE—DIVISION OF
PROPERTY.
Decree awarding plaintiff $1,000 lien on defendant's real estate
in her suit for equitable relief, based on fraud of defendant
with whom she had thought herself related by common-law
marriage *held,* supported by testimony as to services rendered
and her contributions toward purchase of home on land con-
tract and toward household goods.

4. SAME—JURISDICTION—FRAUD—UNJUST ENRICHMENT—MULTIPLIC-
ITY OF SUITS.
Plaintiff who first sued defendant for divorce, then in equity
for determination of her interest in personal and real property
the parties had accumulated while living together as husband
and wife brought about by his concealment of his previous
undissolved marriage, is not relegated to action at law, since
there was a confidential relationship as a result of which
defendant was unjustly enriched through plaintiff's contribu-
tions to property he seeks to retain and by determination herein
further multiplicity of suits is avoided in the interest of justice.

5. SAME—JURISDICTION—ADEQUACY OF REMEDY AT LAW.
The test of equitable jurisdiction is not whether there is an al-
ternative remedy at law but whether the remedy at law is as
adequate, complete and certain as the relief in equity.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 23 Am Jur, Fraud and Deceit, § 76 *et seq.*
[3] 33 Am Jur, Liens, § 22.
[4, 7] 19 Am Jur, Equity, §§ 46, 77; 46 Am Jur, Restitution and Un-
just Enrichment.
[5, 6] 19 Am Jur, Equity, §§ 41, 100 *et seq.*

6. SAME—JURISDICTION—FRAUD—MULTIPLICITY OF SUITS.

Equity has jurisdiction in cases of fraud where the remedy at law would be doubtful, incomplete or otherwise inadequate and also to prevent a multiplicity of suits.

7. SAME—JURISDICTION—DIVISION OF PROPERTY—VOID MARRIAGE.

Equity has jurisdiction to adjudicate rights of parties to property accumulated by the efforts of both parties during existence of void marriage while the plaintiff in good faith believed the marriage was valid.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 3, 1951. (Docket No. 3, Calendar No. 44,939.) Decided May 14, 1951.

Bill by Edna M. Walker against Lawrence Walker for division of property and compensation for services rendered under belief that plaintiff was wife of defendant. Decree for plaintiff. Defendant appeals. Affirmed.

*Floyd H. Skinner* and *Alphonse Lewis, Jr.,* for plaintiff.

*Irving H. Smith* and *Henry C. Hart,* for defendant.

BOYLES, J. This case is a follow-up from our decision in *Walker* v. *Walker,* 323 Mich 137, where we denied this plaintiff a divorce from a common-law marriage because the defendant had a lawful wife living at the same time the plaintiff claimed to be his wife. We entered a decree affirming the circuit judge in finding that the alleged common-law marriage was void *ab initio,* but reversed the decree entered below "insofar as it undertakes to settle the property rights of the parties." In so doing, this Court wrote (Italics supplied.):

"She is left to pursue her remedies *under the general chancery jurisdiction* which as we have seen can-

not be invoked in a divorce action. Plaintiff does not request of us permission to amend her bill of complaint so as to invoke general chancery jurisdiction instead of the limited jurisdiction conferred by the divorce statutes; nor does she claim that she made a request of the lower court for such permission.

"Our refusal to make an award of property rights to plaintiff in this suit is without prejudice to her right to file and maintain a different suit."

Thereupon plaintiff filed the instant bill of complaint asking for a decree determining her interest in the personal property and real estate accumulated during the alleged common-law marriage, that the court determine the value of her services as housekeeper for the defendant, that the defendant be required to account for the money she had contributed toward the purchase on contract of a home with apartments, for household furniture and equipment, asked that the same be made a lien on the property, and that the defendant be enjoined from disposing of or encumbering said real estate until the lien was discharged. The trial court, after a hearing and taking testimony, entered a decree finding the defendant guilty of misrepresentation and fraud by concealing the fact that he had a wife living at the time he contracted the common-law marriage, ordered that the defendant pay $1,000 as the reasonable value of plaintiff's services and the amount she had contributed toward the home and property, and decreed a lien on the real estate for its payment. The defendant appeals.

It was stipulated that, in addition to taking testimony, the transcript of the testimony and exhibits in the divorce case be considered a part of the instant case. The record establishes that in June or July, 1941, these parties entered into a relationship which would have been a valid common-law marriage except for the fact that the defendant had a lawful wife

living. They lived and cohabited together until 1947, at which time the divorce case hereinbefore referred to was begun, resulting as above stated. Plaintiff did not know that the defendant had a wife living, until the answer in the divorce case was filed. The record is plain that the defendant concealed that fact from the plaintiff and that the services rendered by the plaintiff and the contributions made by her were under the mistaken belief that she was his common-law wife. Concealment of material facts may constitute actionable fraud. *Groening* v. *Opsata,* 323 Mich 73. Fraud may be consummated by suppression of a material fact which results in a false impression. *Wolfe* v. *A. E. Kusterer & Co.,* 269 Mich 424.

During the 6 years these parties lived together as husband and wife the plaintiff cooked meals for the defendant, did his laundry, performed other services, made substantial contributions toward the purchase of the home on land contract, toward the household goods, and contributed to later payments on the land contract. In the decree in the divorce case the trial judge attempted to award plaintiff an undivided half interest in the real estate and in the household furniture and equipment, having determined the value of said interest to be $1,000. The testimony in that case, stipulated to apply to the instant case, as well as testimony taken in the case at bar, amply supports the present decree granting plaintiff a lien on the real estate for that amount.

The defendant mainly relies for reversal on a claim that plaintiff has an adequate remedy at law, wherefore the equity court should not take jurisdiction. More weight might be given the claim were it not for the fact that this Court in the divorce case indicated that we left plaintiff to pursue her remedies *under the general chancery jurisdiction.* However, these parties were, at least to some extent, in a con-

fidential relationship after the defendant induced the plaintiff to enter into the supposed status of a common-law marriage. The defendant has been unjustly enriched to the extent of plaintiff's contributions to the value of the property he seeks to retain. Justice requires that the Court dispose of the property rights of these parties without further multiplicity of suits. Under the circumstances of this case, defendant's claim that equity does not have jurisdiction stands only as a stumbling block in the path of justice, without substantial merit, and we are not in accord with the defendant's claim that plaintiff's sole remedy is in the law side of the court.

"Appellant claims that plaintiff could obtain full relief, if entitled thereto, in an action of replevin, and that equity has no jurisdiction if plaintiff has an adequate remedy at law. However, the test of equitable jurisdiction is not whether there is an alternative remedy at law, but whether the remedy at law is as adequate, complete and certain as the relief in equity. *Powers* v. *Fisher,* 279 Mich 442. * * * Equity has jurisdiction in cases of fraud where the remedy at law would be doubtful, incomplete or otherwise inadequate, *Haylor* v. *Grigg-Hanna Lumber & Box Co.,* 287 Mich 127, and also to prevent a multiplicity of suits, *Multiplex Concrete Machinery Co.* v. *Saxer,* 310 Mich 243." *Steggles* v. *National Discount Corp.,* 326 Mich 44 (15 ALR2d 208).

While cases from other jurisdictions are not in full accord, it has been held that equity has jurisdiction to adjudicate the property rights between the parties although the marriage was void. In *Coats* v. *Coats,* 160 Cal 671 (118 P 441, 36 LRA NS 844), the court held the marriage to be void, but as to property matters concluded as follows (syllabus):

"A woman who has in good faith entered into a marriage, which is subsequently annulled at the instance of the other party on account of her physical

incapacity of entering into the marriage state, is entitled to participate in the property which has been accumulated by the efforts of both parties during the existence of the supposed marriage, and while she in good faith believed that such marriage was valid."

In *Buckley* v. *Buckley,* 50 Wash 213 (96 P 1079, 126 Am St Rep 900), 2 cases were consolidated for trial— a suit for divorce or annulment of marriage on the ground that the spouse already had a wife, and another suit by the supposed wife for a division of property acquired while living in the marital relation. In affirming both the judgment and the decree, the court held:

"Where a woman in good faith enters into a marriage contract with a man, and they assume and enter into the marriage state pursuant to any ceremony or agreement recognized by the law of the place, which marriage would be legal except for the incompetency of the man, which he conceals from the woman, a status is created which will justify a court in rendering a decree of annulment of the attempted and assumed marriage contract, upon complaint of the innocent party; and where in such a case the facts are as they have been found here, where the woman helped to acquire and very materially to save the property, the court has jurisdiction as between the parties, to dispose of their property as it would do under Bal Code, § 5723 (PC § 4637), in a case of granting a divorce—awarding to the innocent, injured woman such proportion of the property as, under all the circumstances, would be just and equitable."

Other minor questions raised by appellant have been considered but are not controlling of the result.

Affirmed, with costs.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.