427 P.2d 954

Alice Mae BUCK, Plaintiff and Appellant,

v.

Edwin Holt BUCK, Defendant and Respondent.

No. 10595.

Supreme Court of Utah.

May 25, 1967.

Browning, Handy & Judd, Ogden, for appellant.

Richard J. Maughan, Salt Lake City, for respondent.

CALLISTER, Justice:

Plaintiff, Mrs. Buck, initiated an action to secure a divorce from Mr. Buck, defendant. The latter moved to dismiss the complaint for the reason that the parties had never been legally married. Mrs. Buck amended her complaint praying for an annulment and was awarded a decree based thereon. She now appeals from the provisions of that decree regarding the distribution of property.

This action was commenced about nineteen years after the parties went through a marriage ceremony in Mexico. At the time, both parties entered into the contract in good faith and thought it to be valid. From then, until their separation, they lived together as man and wife. However, it appears that, at the time of the purported marriage, Mr. Buck's California divorce from his first wife had not become final.

Not long after their legally invalid union, the Bucks moved to Utah where, through the operation and subsequent ownership of a tavern, they acquired and accumulated property, both real and personal, of some considerable value. They had no children as the result of their union. Thus, the sole question to be resolved is whether the court below made an equitable distribution of the property involved. In the instant case, we think not.

The lower court, relying upon Jenkins v. Jenkins,[1] distributed the property according to that which was acquired by the joint efforts of the parties during the period of their cohabitation as man and wife. In this connection, it also took into consideration the initial cash contributions of plaintiff and defendant.[2]

There is an important distinction between this and the Jenkins' case. In the latter

---

1. 107 Utah 239, 153 P.2d 262 (1944) and, also, Figoni v. Figoni, 211 Cal. 354, 295 P. 339 (1931).

2. In effect, Mrs. Buck was awarded the value of her services and contributions.

case, the parties did not enter into the marriage in good faith—both were cognizant that an interlocutory decree of divorce had not become final. In the instant case, both parties went through the marriage ceremony in good faith.[3]

We can see no reason why, under the facts of this case, Mrs. Buck, in equity and good conscience and because of Mr. Buck's wilful deceit by non-disclosure of the truth, should not be accorded the same consideration as she would have received had she been legally married throughout the 19 years of cohabitation.[4] From the record, it appears that she satisfactorily performed her duties as a normal wife—normal household functions and assistance in her husband's business.

The case is remanded for the trial court to make an equitable distribution of the property in accordance with the views expressed in this opinion. Costs to appellant.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

3. In this regard, it is important to note that Mr. Buck was, in 1956 or 1957, advised by an attorney that his marriage to Mrs. Buck was probably not valid. Mr. Buck did not see fit to communicate this advice to Mrs. Buck or attempt to rectify the situation. He is now endeavoring to take advantage of the technical defect to his financial benefit.

4. Coats v. Coats, 160 Cal. 671, 118 P. 441, 36 L.R.A.,N.S., 844 (1911).