*In re* MARRIAGE OF FABIOLA FLORES, Petitioner-Appellant, and
JESUS FLORES, Respondent-Appellee.

First District (1st Division)    No. 80-417

Opinion filed May 18, 1981.

Albert Brooks Friedman, Ltd., of Chicago, for appellant.

Jerome D. Citron, of Chicago, for appellee.

Mr. PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

The petitioner, Fabiola Flores, appeals from a judgment of the circuit court of Cook County entered November 16, 1979, finding that petitioner and respondent Jesus Flores are first cousins of the half blood and that the marriage between petitioner and respondent is a prohibited marriage pursuant to section 212(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 212(a)(3)), and void *ab initio*. On appeal, the petitioner contends that: (1) the trial court erred in entering a declaration of invalidity; (2) if the marriage was invalid, then the petitioner was a putative spouse; (3) the court erred in declaring the marriage void *ab initio* and refusing to give any further relief to petitioner; and (4) the court had jurisdiction to hear the issues of support, maintenance, property division and allocation of fees after entering a declaration of invalidity.

Petitioner filed a petition for dissolution of marriage December 13, 1978, on the grounds of mental cruelty, alleging a marriage ceremony in Chicago, Illinois, on May 25, 1971. The respondent did not file an answer to the petition and at the hearing on the petition, respondent made an oral

motion to declare the marriage invalid, as provided by the Illinois Marriage and Dissolution of Marriage Act, section 212(a)(3) (Ill. Rev. Stat. 1977, ch. 40, par. 212(a)(3)), claiming that the parties were first cousins. The trial court entered an order August 28, 1979, granting the relief sought by petitioner and denying respondent's motion.

On September 20, 1979, respondent filed a motion to reconsider attaching birth certificates showing that the mothers of petitioner and respondent were half-sisters, making the parties first cousins by one-half blood. As a consequence of said motion, the trial court entered an order finding that marriage between all first cousins is prohibited and declaring the marriage between the parties void *ab initio*. Petitioner filed a petition for a rehearing and other relief and asserted that the issues were temporary support, attorney's fees, and property division; that the parties owned two apartment buildings in joint tenancy and other items acquired during the course of their coverture; that petitioner believed that she was the wife of the respondent; and that it would cause hardship on the parties to have to file partition actions in chancery court, as they would incur additional expenses and expend additional time litigating issues which could be litigated before the trial court. In her reply to respondent's answer to the petition for rehearing, petitioner alleged that she was the putative spouse of respondent and, therefore, entitled to the rights of a legal spouse within the confines of section 305 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 305). The court denied the relief in the petition for a rehearing ordering that there was no just cause to delay the enforcement or appeal of the order. Thereafter, the petitioner perfected an appeal to this court.

The trial court found that the marriage between the parties was a prohibited marriage pursuant to section 212(a)(3) (Ill. Rev. Stat. 1977, ch. 40, par. 212(a)(3)) which states: "(a) The following marriages are prohibited: * * * (3) a marriage between * * * cousins of the first degree." Having found that the marriage was a prohibited one, the court properly entered a judgment of invalidity pursuant to section 301(4) (Ill. Rev. Stat. 1977, ch. 40, par. 301(4)) which states: "The court shall enter its judgment declaring the invalidity of a marriage (formerly known as annulment) entered into under the following circumstances: * * * (4) the marriage is prohibited."

During oral arguments neither party has disputed the finding of fact entered by the trial court pertaining to the invalidity of the marriage, and it appears that this finding is no longer in dispute. As a result of the failure to pursue this issue on appeal, that part of the court's order will be affirmed without further discussion.

Petitioner contends that she was a putative spouse within the scope of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1977,

ch. 40, par. 305; *Hewitt v. Hewitt* (1979), 77 Ill. 2d 49, 394 N.E.2d 1204; *Turknette v. Turknette* (1950), 100 Cal. App. 2d 271, 223 P.2d 495.) Section 305 states in pertinent part:

"Any person, having gone through a marriage ceremony, who has cohabited with another to whom he is not legally married in the good faith belief that he was married to that person is a putative spouse until knowledge of the fact that he is not legally married terminates his status and prevents acquisition of further rights. A putative spouse acquires the rights conferred upon a legal spouse, including the right to maintenance following termination of his status, whether or not the marriage is prohibited, under Section 212, or declared invalid, under Section 301 \* \* \*."

In her brief petitioner states that she did not know that she and respondent were first cousins until the filing of the motion by respondent in the court below. In his brief respondent states that petitioner had knowledge of the parties' common ancestor prior to the date of the marriage ceremony. However, neither party has seen fit to provide this court with a transcript of the proceedings below, and these statements in the respective briefs are unsupported by corroborating evidence in the record. While the issue of petitioner's status as a putative spouse was properly raised in the court below, the record filed on appeal does not disclose that an evidentiary hearing on this issue was held.

■■■ It is fundamental that the language of a statute is to be given its plain and ordinary meaning so that the legislature's intent may be ascertained and given effect. (*Totten v. State Board of Elections* (1980), 79 Ill. 2d 288, 403 N.E.2d 225.) An examination of the language of section 305 leads to the conclusion that the Act authorizes an evidentiary hearing on the issue of putative spouse and appropriate findings of fact must be made by the trial court. The record in this case contains no such adjudication or specific findings as required by section 305, and hence, this cause must be remanded for a factual hearing in accordance with that section.

Neither party has called to our attention any Illinois decisions where the issue of putative spouse has been ruled upon. (See *Hewitt v. Hewitt* (1979), 77 Ill. 2d 49, 394 N.E.2d 1204.) However, other jurisdictions that have ruled on this issue after a hearing have looked to the facts of the particular case, and considered whether the parties went through a marriage ceremony, as well as the education, intelligence, and experience of the one claiming putative spouse status. *Flanagan v. Capital National Bank* (1931), 213 Cal. 664, 3 P.2d 307; *Santos v. Santos* (1939), 32 Cal. App. 2d 62, 89 P.2d 164; see also *Walker v. Walker* (1951), 330 Mich. 332, 47 N.W.2d 633; *Krauter v. Krauter* (1920), 79 Okla. 30, 190 P. 1088; *Buck v. Buck* (1967), 19 Utah 2d 161, 427 P.2d 954.

In view of the foregoing disposition of this case, we find it unneces-

sary to rule on petitioner's other contentions. Accordingly, the judgment of the circuit court of Cook County is hereby affirmed as to the order of invalidity of the marriage, and the order entered pertaining to the petition for relief pursuant to section 305 is hereby reversed, and the cause is hereby remanded to the trial court for a factual determination in accordance with the views expressed in this opinion. See *In re Marriage of Peshek* (1980), 89 Ill. App. 3d 959, 412 N.E.2d 698.

Affirmed in part, reversed in part, and remanded with directions.

GOLDBERG and O'CONNOR, JJ., concur.